13540

## GAULT v. SPOON
### (167 S. E., 229)

*Messrs. Richey & Richey,* for appellant,

*Messrs. Blackwell, Sullivan & Wilson,* for respondent,

December 27, 1932.

The opinion of the Court was delivered by CIRCUIT JUDGE M. M. MANN, ACTING ASSOCIATE JUSTICE.

This was an action in claim and delivery, in the Magistrate Court, in which the plaintiff was endeavoring to possess himself of certain chattels covered by a mortgage executed by defendant. The first effort, made on the 4th day of December, 1931, failed because the plaintiff failed to execute the bond required by statute, giving instead his check for the alleged value of the property ($69.75). On the call of the case for trial on December 31st, the case, on motion of defendant, was dismissed. The present action was commenced on the 2nd day of January, 1932 (two days later). It is regular in all details. It was tried on January 11th and resulted in a verdict in favor of the plaintiff. Appeal was duly made to the Circuit Court, and, on the hearing, the Circuit Judge, Hon. G. B. Greene, held that "substantial justice had been done" and sustained the magistrate.

The exceptions to the rulings of the magistrate and to the order of Judge Greene are substantially identical.

The first exception imputes error to the magistrate in allowing the chattel mortgage to be introduced in evidence without formal proof by the subscribing witness. All that we have to guide us on this issue is the exception itself and the argument of counsel for appellant. He proposed the case and did not deem it advisable to incorporate into it either the testimony or the rulings of the magistrate or his report on the case to the Circuit Court. In the absence of such supporting record, we must assume that the Circuit Judge correctly disposed of the issue raised by this exception.

Exceptions two and three impute error to the magistrate in not holding that, at the time of the trial of the present case, the plaintiff was in actual posses-

sion, and, therefore, the possessor and owner of the property. And it further appears that defendant seeks to plead the first action as *res adjudicata.* All of which is untenable. The first action was not allowed to proceed to a conclusion and therefore decided nothing. Plaintiff was compelled to have the issue as to rightful possession determined by a Court of competent jurisdiction before he could properly divest the defendant of possession and invest himself with proper possession and clear title. If, as is suggested by counsel for appellant in his argument, the taking was characterized by any high-handed or unlawful conduct on the part of the plaintiff, defendant had a clearly defined remedy at law which could easily have settled such issue at the trial under proper pleadings.

As to the fourth and fifth exceptions, the issues raised by the pleadings were properly triable by a jury and the magistrate was correct in so holding, and, the plaintiff having won, was entitled as a matter of course, to judgment for costs.

In an additional exception to the order of Judge Greene, counsel for appellant says it was error to hold that "the defendant made a motion to set aside the verdict and to grant a new trial, when the records do not show that such a motion was made." The paragraph to which such exception is evidently directed says: "It appears that substantial justice was done in the case. I find no reversible error in the ruling of the Magistrate. The motion of the defendant for setting the verdict aside and granting a new trial is therefore denied and it is so ordered." Clearly, Judge Greene did not mean to imply that there was any such ruling made by the magistrate, but meant only to say that such relief was denied on appeal by the Circuit Judge.

This decides the case. But we cannot refrain from reminding counsel for respondent that Homer still doth nod. For standing boldly out in clear type in the very midst of the case, we find: "We confidently expected Judge Greene

to reverse the judgment of the Magistrate and were greatly surprised that he did not do so." To all of which, by inadvertence, of course, counsel for respondent generously agreed.

The judgment of the Circuit Court is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Carter and Bonham concur.