## 23401

Steven CLARK, Respondent v. Phillip KEY, John Napoli, The Pinnacle Group, Inc., and Legg, Mason, Wood, Walker, Inc., Defendants, of whom Phillip Key is Appellant.

(405 S.E. (2d) 599)

Supreme Court

*G. Trenholm Walker* of *Wise & Cole, P.A.,* Charleston, *for appellant.*

*Bert Glenn Utsey, III* of *Sinkler & Boyd, P.A.,* Charleston, *for respondent.*

*David Whittington* of *Buist, Moore, Smythe & McGee,* Charleston, *for defendant The Pinnacle Group, Inc.*

*Paul A. Dominick* of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for defendants Legg, Mason, Wood, Walker, Inc.*

Submitted Nov. 27, 1990.

Decided May 20, 1991.

FINNEY, Justice:

Appellant Phillip Key appeals the circuit court's order denying his motion to dismiss for lack of personal jurisdiction. We affirm.

Appellant, a North Carolina resident, was employed as a stockbroker during the course of the subject transactions;

first by Defendant The Pinnacle Group, Inc., and subsequently by Defendant Legg, Mason, Wood, Walker, Inc., Pinnacle's successor. Defendant John Napoli (Napoli), a resident of Connecticut, proposed to pay appellant a commission for securing loans to finance a real estate venture.

Appellant communicated with Respondent Steven Clark, a resident of South Carolina, soliciting respondent's participation in Napoli's out-of-state venture. Pursuant to the appellant's assurances, respondent agreed to a proposal to make a real estate investment loan to Napoli for $20,000, conditioned upon repayment of the principal plus interest of $10,000. Respondent alleges he never received written acknowledgement of the $20,000 loan check mailed to Napoli; and that he has received no repayment of the principal, interest, or return of any kind despite appellant's representations that obstacles occasioning the delay were being resolved and that respondent's funds would be forthcoming.

Respondent brought an action for fraud, negligent misrepresentation and unfair trade practices against all defendants jointly, and on other specific theories against certain of the named defendants individually. Appellant moved to be dismissed based upon lack of personal jurisdiction. The circuit court denied the motion, finding that respondent made a prima facie showing of jurisdiction by satisfying the two-part test enunciated by this Court in *Hammond v. Butler, Means, Evins & Brown*, 300 S.C. 458, 388 S.E. (2d) 796 (1990).

Appellant appeals on the following grounds:

(1) The requirements needed to exercise personal jurisdiction as outlined in the Long Arm Statute, S.C. Code Ann. § 36-2-803(1)(a) and (c) (1976), have not been met;
(2) The exercise of personal jurisdiction over appellant would violate due process.

First, appellant contends he was not a party to the out-of-state transaction between respondent and Napoli, did not receive any pecuniary benefit therefrom, nor personally conduct business in South Carolina.

At the pre-trial stage, the plaintiff needs only to make a prima facie showing of personal jurisdiction. *Hammond v. Butler, Means, Evins & Brown, supra.* In determining whether personal jurisdiction can be exercised

over a nonresident, "the first step is whether the nonresident's conduct meets the requirements of the South Carolina long-arm statute; and second whether, under the particular circumstances, a finding of minimum contacts comports with 'traditional notions of fair play and substantial justice.' " *Id.*, 388 S.E. (2d) at 798. The pertinent portion of South Carolina's long-arm statute provides:

"A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's

(a) transacting business in this State . . .

(c) commission of a tortious act in whole or in part in this State . . ."

The record reflects that the appellant functioned as Napoli's emissary soliciting loans to finance Napoli's business venture, that appellant set the framework within which the transaction was consummated, and that appellant would be compensated by a commission derived therefrom. Moreover, the record shows that in securing a commitment for the loan, the appellant vouched for Napoli's reputability, dependability, and the safety of the investment. Additionally, when Napoli failed to repay the loan, the appellant sought to allay the respondent's disquietude through explanations and reassurances.

The pleadings allege causes of action for negligent misrepresentation and commission of a tortious act. This Court is bound by the trial court's findings that a nonresident defendant is subject to jurisdiction, unless there is no evidentiary support. *Hammond v. Cummins Engine Co.*, 287 S.C. 200, 336 S.E. (2d) 867 (1985). We conclude that the trial judge's findings are supported by the evidence, and that the requirements of § 36-2-803(1)(a), (c) (1976) have been satisfied.

Second, appellant argues that the exercise of personal jurisdiction would violate his due process rights.

This is the second prong of the two-step approach. In determining whether a finding of minimum contacts comports with traditional notions of fair play and substantial justice, the court considers the following factors:

1. The duration of the activity of the nonresident within the state;

2. The character and circumstances of the commission of the nonresident's act;

3. The inconvenience resulting to the parties by conferring or refusing to confer jurisdiction over the nonresident; and

4. The state's interest in exercising jurisdiction.

*Hammond v. Butler, Means, Evins & Brown*, 388 S.E. (2d) at 798 [citing *Colite Industries v. G.W. Murphy Const.*, 297 S.C. 426, 377 S.E. (2d) 321 (1989)].

The record indicates that appellant's activity within the state was of sufficient frequency and duration to consummate the transaction between respondent and Napoli. Furthermore, when Napoli failed to meet the terms of repayment, the appellant's response to the respondent's concern was of a placatory nature, tending to raise inferences of appellant's complicity in tortious conduct. This Court has previously concluded that jurisdiction cannot be avoided merely because the nonresident defendant never entered the state. *Id.* We find that the state's interest in exercising personal jurisdiction outweighs any hardship or inconvenience which might be posed by having the appellant hailed into the courts of this state.

Accordingly, we hold that South Carolina may exercise personal jurisdiction over the appellant and affirm the ruling of the trial court.

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.