1998

In the interest of BRUCE O., a minor under the age of seventeen, Appellant.

(429 S.E. (2d) 858)

Court of Appeals

*Deputy Chief Atty. Joseph L. Savitz, III,* and *Asst. Appellate Defender Wanda H. Haile,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Solicitor Randolph Murdaugh, III,* Hampton, *for respondent.*

Heard March 24, 1993.

Decided April 19, 1993.

*Per Curiam:*

Bruce O. appeals from an adjudication of delinquency on a charge of solicitation to commit a felony. He asserts the court erred in denying his directed verdict motion and denying his motion for a continuance. We affirm.

In reviewing a court's denial of a motion for a directed verdict, this Court must examine the evidence in the light most favorable to the State. *State v. Myers*, 301 S.C. 251, 391 S.E. (2d) 551 (1990). A motion for a directed verdict should be denied when there is any evidence, direct or circumstantial, which reasonably tends to prove the guilt of the accused or from which the guilt of the accused may be fairly and logically deduced. *State v. Childs*, 299 S.C. 471, 385 S.E. (2d) 839 (1989). Applying this scope of review to the evidence in the record, we find sufficient evidence to uphold the adjudication.

Appellant asserts error in the trial judge's failure to grant a continuance as defense counsel had recently moved to the area and had not been afforded sufficient consultation with appellant. A motion for continuance is addressed to the sound discretion of the trial judge. *State v. Dingle*, 279 S.C. 278, 306 S.E. (2d) 223 (1983) (no abuse of discretion when facts not unusually complex and no showing of anything defense counsel could have done or produced that was not done or produced). On this record, we find no abuse of discretion.[1]

Affirmed.

---

[1] Counsel for Bruce O. asserted at oral argument that the trial judge erred in failing to grant a continuance because the State amended the charge of conspiracy to commit a felony to solicitation to commit a felony on the day of the hearing, thus denying him sufficient notice of the charge against him. This argument was neither raised before the trial judge nor addressed in appellant's brief. This court will not grant relief on an alleged error asserted for the first time on appeal. *Mann v. Walker*, 285 S.C. 194, 328 S.E. (2d) 659 (Ct. App. 1985). Further, an appellant may not use oral argument as a vehicle to argue issues not argued in the appellant's brief. *Bochette v. Bochette*, 300 S.C. 109, 386 S.E. (2d) 475 (Ct. App. 1989).