## 2056

In the Interest of STEVEN S., a minor under the age of 17 years, Appellant.

(434 S.E. (2d) 312)

Court of Appeals

*Deputy Chief Atty. Joseph L. Savitz, III*, of *S.C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr., and Asst. Atty. Gen. Alexandria B. Skinner,* Columbia; and *Sol. Randolph Murdaugh, III,* Hampton, *for respondent.*

Heard June 15, 1993; Decided July 19, 1993.

Reh. Den. Sept. 8, 1993.

LITTLEJOHN, Acting Judge:

The family court found that Steven S. violated the "Safe Schools Act," S.C. Code Ann. § 16-3-1040 (Supp. 1992), and adjudicated him delinquent. Steven appeals. We affirm.

Steven was fifteen years old at the time of the incident and in the eighth grade. While walking through the school halls with his class on the way to the auditorium, he told a fellow student "if these teachers keep on messing with me, I'm just going to kill them." He further said that he would start with teacher Jane Hester because she lived in his neighborhood. Nancy Ruhf, one of Steven's teachers, overheard this remark. Ms. Ruhf had been walking only a foot or two away from Steven, he saw her when he made the remark, and he spoke loudly enough for Ms. Ruhf to hear him. At trial, Steven asserted that the comment he made was in jest and that in fact he immediately told Ms. Ruhf it was a joke.

The family court judge found Steven violated the statute even though the comment was not made directly to a teacher or someone else named in the statute, because it was made in the presence of such a person (a teacher), was overheard, and was thus conveyed to such a person. Steven appeals.

Section 16-3-1040 provides, in pertinent part:

> It is unlawful for any person to knowingly and wilfully deliver or convey to . . . a teacher . . . of an elementary or secondary school . . . any verbal . . . communication which contains any threat to take the life of or to inflict bodily harm upon the . . . teacher. . . .

On appeal Steven S. argues primarily that this comment was "childish horseplay" and that there was no evidence he wilfully communicated an actual threat to Ms. Hester or any other teacher. His basic position is that an overheard remark cannot be the conveyance of a threat within the meaning of

the statute, as strictly construed. We disagree.

It is undisputed that Steven made a verbal communication which contained a threat to take the life of his teachers, and that this communication was heard by one of those teachers, Ms. Ruhf. Although Steven was talking to a fellow student when he made the remark, he knew Ms. Ruhf was nearby and spoke loudly enough for her to hear him. We hold that, under the facts of this case, Steven delivered or conveyed the communication to Ms. Ruhf, and he consequently violated § 16-3-1040. Accordingly, the judgment is

Affirmed.[1]

HOWELL, C.J., and BELL, J., concur.

---

[1] We note that Steven also argues in his brief that finding a violation of the Act under the facts of this case would violate his constitutional rights to free speech. Steven did not argue this position to the family court, however, and the court did not rule upon it. The Court of Appeals may not decide on an issue neither raised to nor ruled upon by the trial judge. *In the Interest of Bruce O.,* — S.C. —, —, 429 S.E. (2d) 858 (S.C. Ct. App. 1993) (Davis Adv. Sh. No. 11 at 30, footnote 1); *Connolly v. People's Life Ins. Co. of South Carolina,* 299 S.C. 348, 384 S.E. (2d) 738 (1989). *See also State v. Baker,* — S.C. —, 427 S.E. (2d) 670 (1993) (issues not raised below cannot be raised for the first time on appeal); *State v. Silver,* — S.C. —, —, 431 S.E. (2d) 250 (S.C. Sup. Ct. filed May 3, 1993) (Davis Adv. Sh. No. 12 at 20) (the Court of Appeals erred in treating an issue on a ground asserted on appeal which was not supported by an objection at trial).