551 S.E.2d 274

**SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent,**

v.

**Larry B. BASNIGHT, Appellant.**

No. 3282.

Court of Appeals of South Carolina.

Heard Dec. 13, 2000.
Filed Jan. 8, 2001.
Refiled June 28, 2001.
Rehearing Denied Aug. 23, 2001.

Steven G. Mikell, of Florence; and H. Mac Tyson, II, of Fayetteville, North Carolina, for appellant.

Gus C. Smith, of the South Carolina Department of Social Services, of Conway, for respondent.

## ORDER WITHDRAWING AND SUBSTITUTING OPINION

PER CURIAM.

Pursuant to Appellant's Petition for Rehearing, it is ordered that the opinion heretofore filed, Opinion No. 3282, heard December 13, 2000 and filed January 8, 2001, be withdrawn and the attached Opinion be substituted. Appellant's Petition for Rehearing is denied.

**IT IS SO ORDERED.**

PER CURIAM:

Larry B. Basnight appeals from an order of the family court adjudicating him the father of a minor child and awarding child support. We affirm.

### FACTS/PROCEDURAL HISTORY

Helen Point is the natural mother of the minor child, the subject of this action. In January of 1986, the mother initiated an action in South Carolina, pursuant to the Uniform Reciprocal Enforcement of Support Act (the Act),[1] to establish support for the minor child, born December 14, 1984.

---

1. Formerly codified at S.C.Code Ann. §§ 20–7–960 *et seq.* (1985); replaced by the Uniform Interstate Family Support Act, S.C.Code Ann. §§ 20–7–960 *et seq.* (Supp.2000), by 1994 Act No. 494, eff. July 1, 1994.

The State of North Carolina, as the responding state, proceeded with the action pursuant to the Act and Basnight was notified to appear before a North Carolina district court. On April 11, 1986, the State of North Carolina filed a voluntary dismissal of the action because it had information that Point no longer lived in South Carolina. Point, however, did still reside in South Carolina and the State of North Carolina thereafter filed a motion to reopen the case, which was granted. Basnight filed a motion to dismiss the action, which was denied.

Basnight appealed this denial and, by order dated July 6, 1987, the North Carolina Court of Appeals reversed and remanded the action to the trial court on the ground that "a party cannot make any motions, and the court cannot enter any order, in a cause after a voluntary dismissal has been taken in the cause." On remand, the North Carolina district court dismissed the case with prejudice.

On August 16, 1994, the South Carolina Department of Social Services (DSS), as assignee of support payments due the child, instituted this action against Basnight in South Carolina. The complaint alleged, inter alia, personal jurisdiction over Basnight, a resident of Texas, pursuant to South Carolina Code Annotated Section 20-7-953(A)(1985).

By amended answer, Basnight denied DSS's allegations as to personal jurisdiction, and asserted the claim was barred by the doctrine of res judicata. Basnight also filed a motion to dismiss for, among other things, lack of personal jurisdiction. After a December 7, 1994 hearing, the family court denied the motion to dismiss. Basnight filed "exceptions" to the order with the family court, objecting to "any and all findings of fact, conclusions of law, [and] the entry and signing of a 'Final Order.'"

The family court held a hearing on the exceptions and reaffirmed the prior order denying Basnight's motion to dismiss. Basnight filed an appeal, which was dismissed by our Supreme Court as an unappealable interlocutory order.

Following a hearing on the merits, the family court issued its final order concluding Basnight was the natural father of the minor child, and establishing his child support obligation at $474.09 per month. The court found the support obligation

should be made retroactive to the date of the December 7, 1994 hearing, and thereby established Basnight's arrearage at $22,282.23, to be repaid at a rate of $25.00 per week. This appeal followed.

## LAW/ANALYSIS

### Personal Jurisdiction [2]

Basnight argues the family court should have dismissed the action for lack of personal jurisdiction. We disagree.

The party seeking to invoke personal jurisdiction against a nonresident defendant via a long-arm statute has the burden of establishing jurisdiction. *White v. Stephens,* 300 S.C. 241, 387 S.E.2d 260 (1990). The determination of whether a trial court may exercise personal jurisdiction over a nonresident defendant involves a two step analysis. *Id.* First, the defendant's conduct must meet the requirements of the applicable long-arm statute. *Id.* Second, the defendant must have sufficient contacts with South Carolina so that the constitutional standards of due process are not violated. *Id.*

#### Long–Arm Statute

We find Basnight's conduct met the requirements of the long-arm statute applied by the family court. The family court exercised personal jurisdiction over Basnight pursuant to South Carolina Code Annotated Section 20–7–953(A) (1985). Section 20–7–953(A) provides, in pertinent part:

Any person who has sexual intercourse in this State thereby submits to the jurisdiction of the courts of this State as to an action brought under this subarticle with respect to a child who may have been conceived by that act of intercourse.

S.C.Code Ann. § 20–7–953(A)(1985). The mother testified she and Basnight had sexual intercourse in South Carolina the weekend of March 16, 1984, which resulted in the conception of the minor child.

---

2. Basnight's first, second, and seventh through tenth issues on appeal.

Basnight argues the long-arm statute does not apply as it was not enacted until after the date of the minor child's conception. We disagree.

Section 20–7–953(A) became effective on March 22, 1984, approximately six days after the minor child's conception. *See* 1984 Act No. 307, § 1. In *Thompson v. Hofmann,* our Supreme Court considered the application of a long-arm statute to actions commenced after the passage of the statute. *Thompson,* 263 S.C. 314, 210 S.E.2d 461 (1974). Distinguishing long-arm statutes from implied consent statutes, the court concluded the long-arm statute applied "regardless of when the cause of action may have arisen." *Id.* at 320, 210 S.E.2d at 463. *See* E.H. Schopler, Annotation, *Retrospective Operation of State Statutes or Rules of Court Conferring in Personam Jurisdiction Over Nonresidents or Foreign Corporations on the Basis of Isolated Acts or Transactions,* 19 A.L.R.3d 138, 141–42 (1968) (comparing long-arm statutes that base jurisdiction on certain acts or transactions specified therein to implied consent statutes that provide that certain acts or transactions are deemed to be the consent to the appointment of a local agent for the purpose of service of process; concluding the former operate retrospectively but the latter do not as it is not possible to retroactively imply consent); *see also Johnson v. Baldwin,* 214 S.C. 545, 53 S.E.2d 785 (1949) (refusing to permit the retrospective operation of an implied consent statute).

We conclude the long-arm statute acted retrospectively to confer personal jurisdiction over Basnight although the minor child was conceived prior to the enactment of the statute. Accordingly, we affirm the family court's application of the long-arm statute to Basnight.

*Sufficient Minimum Contacts*

In analyzing the second step necessary to exercise personal jurisdiction over a nonresident defendant, we find Basnight had sufficient minimum contacts with South Carolina to meet the constitutional standards of due process. In determining whether a finding of minimum contacts comports with the due process requirements of traditional notions of fair play and substantial justice, the court must consider: (1) the

duration of the activity of the nonresident within the state; (2) the character and circumstances of the commission of the nonresident's act; (3) the inconvenience resulting to the parties by conferring or refusing to confer jurisdiction over the nonresident; and (4) the state's interest in exercising jurisdiction. *Clark v. Key,* 304 S.C. 497, 405 S.E.2d 599 (1991).

The mother testified she met Basnight in late 1982 when he was stationed at the United States Army post in Columbia, South Carolina. Basnight and the mother engaged in sexual relations in early 1983 and again in March, 1984. We find Basnight's tour of duty in South Carolina and continuing relationship with the mother from 1983 to early 1984 sufficient under the first and second factors.

In analyzing the third factor, the inconvenience to the parties, we recognize that Basnight is now stationed outside the state and defending a suit in South Carolina is inconvenient for him. However, we must weigh this against the final factor, South Carolina's interest in exercising personal jurisdiction over Basnight. We conclude South Carolina's interest in the support of a minor child residing within its borders is compelling. Accordingly, we find the state's interest in exercising personal jurisdiction over Basnight outweighs any hardship or inconvenience created by haling Basnight into the courts of this state.

### *Res Judicata* [3]

Basnight also argues the family court erred in failing to find that the North Carolina order of dismissal barred this action under the doctrine of res judicata. We disagree.

"The doctrine of *res adjudicata* (or *res judicata*) in the strict sense of that time-honored Latin phrase had its origin in the principle that it is in the public interest that there should be an end of litigation and that no one should be twice sued for the same cause of action." *First Nat'l Bank v. United States Fid. & Guar. Co.,* 207 S.C. 15, 24, 35 S.E.2d 47, 56 (1945). Under the doctrine of res judicata, a final judgment on the merits rendered by a court of competent jurisdiction, without fraud or collusion, is conclusive as to the rights of

---

3. Basnight's third and fourth issues on appeal.

the parties and their privies. *Griggs v. Griggs*, 214 S.C. 177, 51 S.E.2d 622 (1949).

Res judicata precludes the parties from relitigating issues actually litigated and those that might have been litigated in the first action. *Town of Sullivan's Island v. Felger*, 318 S.C. 340, 457 S.E.2d 626 (Ct.App.1995). In order for the doctrine of res judicata to apply, the following elements must be shown: (1) the identities of the parties are the same as the prior litigation; (2) the subject matter is the same as the prior litigation; and (3) there was a prior adjudication of the issue by a court of competent jurisdiction. *Garris v. Governing Bd. of South Carolina Reinsurance Facility*, 333 S.C. 432, 511 S.E.2d 48 (1998); *Lowe v. Clayton*, 264 S.C. 75, 212 S.E.2d 582 (1975); *Wold v. Funderburg*, 250 S.C. 205, 157 S.E.2d 180 (1967).

Basnight has failed to establish the third element. A North Carolina court never issued a final order adjudicating the issues of paternity or the minor child's entitlement to support. Res judicata, therefore, does not apply to bar the subsequent suit on the merits. *See Garris*, 333 S.C. 432, 511 S.E.2d 48 (noting restraint in the application of the doctrine of res judicata is warranted when the prior action was dismissed on procedural grounds); *Allen v. Southern Ry. Co.*, 218 S.C. 291, 62 S.E.2d 507 (1950) (plaintiff's voluntary dismissal of first action leaves situation as though no suit had ever been brought); *Gault v. Spoon*, 168 S.C. 160, 167 S.E. 229 (1932) (rejecting defendant's plea of res judicata against the plaintiff in the plaintiff's second action in claim and delivery, where the first action failed because the plaintiff failed to execute the bond required by statute, because the first action was not allowed to proceed to a conclusion and therefore decided nothing). *See also McEachern v. Black*, 329 S.C. 642, 496 S.E.2d 659 (Ct.App.1998) (concluding a dismissal without prejudice is not an adjudication upon the merits and does not have res judicata effect). Accordingly, we affirm the family court's finding that the action was not barred by res judicata.

At oral argument, Basnight argued for the first time that the family court erred in failing to apply Rule 41(b) of the North Carolina Rules of Civil Procedure to dismiss this action based on the prior North Carolina proceedings. This issue is

not preserved for appellate review. *See In the Interest of Bruce O.,* 311 S.C. 514, 429 S.E.2d 858 (Ct.App.1993) (An appellant may not use oral argument as a vehicle to argue issues not argued in the appellant's brief.). Even on the merits, however, we conclude Basnight is not entitled to relief.

On April 11, 1986, the State of North Carolina, on behalf of the minor child, entered a voluntary dismissal of the North Carolina proceedings because Point and the minor child no longer resided in South Carolina. On July 1986, the State filed a motion to reopen the action. The trial court granted the motion. Basnight appealed. The North Carolina Court of Appeals reversed the trial court concluding the court could not grant any motions or enter any orders "after a voluntary dismissal has been taken in the cause." *North Carolina v. Basnight,* Op. No. 8712DC214, filed June 16, 1987. The Court of Appeals remanded the action for entry of an order in accordance with the opinion. *Id.* On remand, the trial court entered a July 23, 1997 order of dismissal with prejudice relying on the one year limitation in Rule 41(a) of the North Carolina Rules of Civil Procedure.

Basnight argues the dismissal order, pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure, operates as an adjudication of the matter. We disagree.

North Carolina's Rule 41(b) addresses the effect of involuntary dismissals. However, the North Carolina action at issue was voluntarily dismissed. Rule 41(a) addresses voluntary dismissals and states "[u]nless otherwise stated in the notice of dismissal . . . the dismissal is without prejudice. . . . If an action commenced . . . is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal. . . ." Rule 41(a)(1), N.C. Rules Civ. Proc.

However, the one year period to reinstitute the claim is stayed pending appellate action over the voluntary dismissal. *West v. Reddick, Inc.,* 302 N.C. 201, 274 S.E.2d 221 (1981). Furthermore, a trial court has no authority to exceed the mandate of the appellate court on remand. 5 Am.Jur.2d *Appellate Review* § 784, at 453 (1995) (Once a mandate is issued from an appellate court to a trial court, the trial court "is vested with jurisdiction only to the extent conferred by the

appellate court's opinion and mandate."). The North Carolina appellate court concluded the trial court did not have subject matter jurisdiction to entertain the motion to reopen the case and remanded the action for dismissal according to that finding. The North Carolina trial court did not have subject matter jurisdiction to go beyond that mandate to apply Rule 41 to the action. A foreign judgment is not entitled to full faith and credit if the rendering court lacked subject matter jurisdiction over the action. *Gregoire v. Byrd,* 338 S.C. 489, 527 S.E.2d 361 (Ct.App.2000).

Furthermore, this action was initiated under the Uniform Reciprocal Enforcement of Support Act. The Act's remedies are in addition to, and not in substitution for, any and all other remedies existing within the states. 67A C.J.S. *Parent & Child* § 90 (1978). "Thus, it has been held that an award for support under the Act does not preclude a later statutory action for support...." *Id.* § 90, at 441.

■ Finally, Rule 41(a) of our rules of civil procedure does not include a one year limitation. *See* Rule 41(a), SCRCP. We view North Carolina's one year limitation as a procedural docket-clearing mechanism rather than a rule of substantive law. Under South Carolina's public policy, the best interests of minor children prevail over procedural impediments to obtaining support for minor children. *See Joiner v. Rivas,* 342 S.C. 102, 536 S.E.2d 372 (2000) (stating procedural rules are subservient to the court's duty to zealously guard the rights of minors); *Ex parte Roper,* 254 S.C. 558, 563, 176 S.E.2d 175, 177 (1970) ("[W]here the rights and best interests of a minor child are concerned, the court may appropriately raise, *ex mero motu,* issues not raised by the parties."); *Galloway v. Galloway,* 249 S.C. 157, 153 S.E.2d 326 (1967) (concluding the court's duty to protect the rights of minors has precedence over procedural rules).

Our family court did not err by not applying North Carolina's Rule 41(b) to this action. Thus, even if Basnight had preserved his argument that the action should be dismissed pursuant to North Carolina's Rule 41(b), we would not find him entitled to relief.

### Rule 60(b), SCRCP [4]

■ Basnight next argues the family court erred in refusing to allow a record hearing on the merits of his Rule 60(b), SCRCP, motion for relief from judgment and/or in failing to issue a stay pending a hearing on the motion. DSS avers Basnight filed his Rule 60(b) motion, then requested, in chambers, the family court hold an emergency hearing. The court refused, and allegedly advised Basnight to file a written request for a hearing with the clerk of court. Basnight instead filed this appeal.

The issue Basnight relies on in support of his Rule 60(b) motion has not yet been presented to or ruled upon by the family court.[5] DSS admits the issue "may have been collateral" and does not object to the matter being raised post-trial. We find the issue is not ripe for review by this Court. *See Baber v. Greenville County*, 327 S.C. 31, 488 S.E.2d 314 (1997) (finding an issue not yet presented to the Tax Commission not ripe for appellate review).

### Error Preservation [6]

■ In his brief, Basnight finally argues the family court erred in: (1) failing to dismiss this action because there exists no affidavit of proof of service of process on Basnight; and (2) failing to dismiss the action where no guardian ad litem was appointed for the child. Neither issue was raised to or ruled upon by the family court, and they are therefore not properly before this court for review. *McDavid v. McDavid*, 333 S.C. 490, 511 S.E.2d 365 (1999) (holding an issue not raised to or ruled on by the family court should not be considered by the appellate court).

For the foregoing reasons, the order on appeal is

**AFFIRMED.**

CURETON, GOOLSBY and CONNOR, JJ., concur.

---

4. Basnight's eleventh issue on appeal.

5. Basnight argues the determination of his child support must take into account his obligation to his other children.

6. Basnight's fifth and sixth issues on appeal.