THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
  
    v.
 Zermina P.,
 Michael P., and Eloise P., Defendants,
 Of Whom Eloise
 P. is the Appellant.
 In the interest of one minor child under the age of 18.
 
 
 

Appeal From Chesterfield County
Roger E. Henderson, Family Court Judge
Unpublished Opinion No.  2010-UP-240
Submitted March 1, 2010  Filed April 14,
 2010
AFFIRMED

 
 
 
 Rowland P. Alston, III, of Columbia, for Appellant.
 Elizabeth B. York, of Chesterfield, for Respondent.
 Linda Amason, of Columbia, Guardian Ad Litem for Eloise P.
 
 
 

PER CURIAM:  Eloise P. (Grandmother) appeals from the
 family court's order denying her Rule 59, SCRCP motion to alter/amend the
 judgment and motion for rehearing of the family court's January 18, 2008 permanency
 planning order.  We affirm.[1]
On
 appeal, Grandmother contends: (1) the
 evidence did not support the family court's finding that reunification with her
 was no longer a viable permanent plan for Child; and (2) the family court erred
 in denying her motion for rehearing because Child's guardian ad litem (GAL) did
 not perform her duties as mandated by the statutory and common law.  We
 disagree.  
"In appeals
 from the family court, the appellate court has the authority to find the facts
 in accordance with its view of the preponderance of the evidence."  Ex
 parte Morris, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006).  "This
 broad scope of review does not, however, require the appellate court to
 disregard the findings of the family court."  Id.  "This
 degree of deference is especially true in cases involving the welfare and best
 interests of a minor child."  Id. at 62, 624 S.E.2d at 652.       
1.  Regarding
 Grandmother's argument for reunification with Child, we find the family court
 correctly denied Grandmother's Rule 59, SCRCP motion to alter/amend the
 judgment because a preponderance of the evidence supports the family court's
 finding that reunification with Grandmother was not a viable permanent plan for
 Child.  See S.C. Code Ann. § 63-7-1700(C) (2008) ("If the [family] court
 approves a plan that is not reunification with the parents, custody or
 guardianship with a fit and willing relative, or termination of parental
 rights, the [family] court must find compelling reasons for approval of the
 plan and that the plan is in the child's best interests.").  Here,
 compelling reasons supported the family court's approval of the permanent plan
 to terminate reunification services for Grandmother and proceed with
 termination of Mother and Father's parental rights (TPR).  Grandmother is not
 able to care for Child at the current time.  Terminating reunification services
 and proceeding with TPR is also in the Child's best interest.  No viable family
 members are able to care for Child.  In comparison, Child is thriving in the
 care of her current foster care family, and the foster care parents have
 indicated a willingness to adopt Child.     
2.  Regarding
 Grandmother's argument that Child's GAL did not perform her duties as mandated
 by the statutory and common law, we find the family court acted within its
 discretion in denying Grandmother's Rule 59, SCRCP, motion for rehearing. 
 Sufficient evidence in the record supports the family court's ruling on the
 Rule 59 motion based on the best interests of Child.  Additionally, this issue
 is not preserved for our review because Grandmother raised this issue for the
 first time in her Rule 59 motion.  See Dixon v. Dixon, 362 S.C.
 388, 399, 608 S.E.2d 849, 854 (2005) (holding an issue raised for the first
 time in a Rule 59 motion is not preserved for appellate review); S.C. Dep't
 of Soc. Servs. v. Basnight, 346 S.C. 241, 252, 551 S.E.2d 274, 280 (Ct.
 App. 2001) (holding issues not raised to or ruled upon by the family court
 should not be considered by the appellate court for review).
AFFIRMED.
FEW, C.J., PIEPER, and GEATHERS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.