**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

David and Kimberly Wicker, Appellants.

In the interest of minors under the age of eighteen.

Appellate Case No. 2014-002734

---

Appeal From Anderson County
David E. Phillips, Family Court Judge

---

Unpublished Opinion No. 2016-UP-268
Submitted February 1, 2016 – Filed June 8, 2016

---

**AFFIRMED**

---

Donald Loren Smith, of Attorney Office of Donald Smith, of Anderson, for Appellants.

Kathleen J. Hodges, of Walhalla, for Respondent.

Brittany Dreher Senerius, of Senerius & Tye, Attorneys at Law, of Anderson, for the Guardian ad Litem.

---

**PER CURIAM:** David Wicker (Father) and Kimberly Wicker (Mother) appeal the family court's removal order granting custody of their son (Son) and daughter (collectively, the Children) to the Department of Social Services (DSS). Although Mother and Father were subsequently reunited with and granted legal custody of the Children, they argue (1) the issues they have raised are not moot and (2) probable cause did not exist to support the removal of the Children from their home.[1] Additionally, they contend the family court erred by (1) failing to provide them due process of law, (2) improperly considering out-of-court statements made by the Children, (3) failing to order relative placement for the Children, (4) considering the reports of the Guardian ad Litem (GAL) in ordering the removal of the Children, and (5) failing to order the disclosure of the identity of the reporter. We affirm.[2]

1. Because the family court subsequently held a merits hearing during which the parties presented evidence and had the opportunity to cross-examine witnesses, any issues pertaining to the probable cause order are now moot. After considering the evidence presented during the merits hearing, the family court granted legal custody of the Children to DSS and made findings of substantial risk of harm of physical abuse and substantial risk of harm of physical neglect against Mother and Father based on Mother's failure to adequately protect the Children and Father's testimony that while in the presence of the Children, he communicated messages of suicide and pulled Mother's hair. Accordingly, this issue is moot. *See Sloan v. Friends of the Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006) (stating a moot case exists when "a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court"); *Sloan v. Greenville Cty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) (stating an appellate court will not pass judgment on moot and academic questions or adjudicate a matter when no actual controversy capable of specific relief exists).

Furthermore, since filing their initial appeal of the removal order, Mother and Father have been reunited with the Children. Thus, any issues pertaining to the removal of the Children are now moot. *See Friends of the Hunley, Inc.*, 369 S.C. at 26, 630 S.E.2d at 477 (stating a moot case exists when "a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court"). However, the family court made findings of substantial risk of

---

[1] We have combined these two issues into Issue 1 below.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

harm of physical abuse and neglect against Mother and Father at the merits hearing. These findings could have future collateral consequences for Mother and Father. *See* S.C. Code Ann. § 63-7-340 (2010) ("When a report is referred to [DSS] for an investigation or other response, [DSS] must determine whether previous reports have been made regarding the same child . . . ."); *Greenville Cty.*, 380 S.C. at 535, 670 S.E.2d at 667 ("[I]f a decision by the trial court may affect future events, or have collateral consequences for the parties, an appeal from that decision is not moot, even though the appellate court cannot give effective relief in the present case." (quoting *Curtis v. State*, 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001))). Therefore, the issues that affect those findings fall within a well-recognized exception to the mootness doctrine.

We find sufficient evidence supports the findings against Mother and Father. While DSS's initial complaint contained some inaccurate allegations, such as the allegation the police took Father to jail and Mother bailed him out the next day, the family court did not base its decision on any of the allegations Mother and Father asserted were inaccurate. In making its findings, the family court focused on Mother's failure to adequately protect the Children and Father's testimony that while in the presence of the Children, he communicated messages of suicide and pulled Mother's hair. This evidence is sufficient to support the family court's findings. *See* S.C. Code Ann. § 63-7-1660(E) (2010) ("The court shall not order that a child be removed from the custody of the parent or guardian unless the court finds that the allegations of the petition are supported by a preponderance of evidence including a finding that the child is an abused or neglected child . . . and that retention of the child in or return of the child to the home would place the child at unreasonable risk of harm affecting the child's life, physical health or safety, or mental well-being and the child cannot reasonably be protected from this harm without being removed."); *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011) (stating the burden is on the appellant to convince this court the family court erred in its findings of fact).

2. We find Mother and Father failed to preserve their due process and Fourth Amendment arguments. *See S.C. Dep't of Soc. Servs. v. Basnight*, 346 S.C. 241, 252, 551 S.E.2d 274, 280 (Ct. App. 2001) (stating an issue not raised to or ruled upon by the family court should not be considered by the appellate court); *see also Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("Constitutional arguments are no exception to the preservation rules, and if not raised to the trial court, the issues are deemed waived on appeal."). Although Mother and Father challenged the inaccurate statements that were included in

DSS's complaint, they never raised a due process or Fourth Amendment argument to the family court. Accordingly, these arguments are unpreserved for our review.

3. We find that other than the statement discussed below, Mother and Father elicited Son's out-of-court statements during their cross-examination of DSS employees, and they failed to object to those statements. *See Basnight*, 346 S.C. at 252, 551 S.E.2d at 280 (holding an issue not raised to or ruled upon by the family court should not be considered by the appellate court). Thus, their challenge to the admission of these statements is unpreserved.

However, Mother and Father objected to the DSS investigator's testimony regarding Son's out-of-court statement that he was "very afraid that [Father] was going to kill himself" and "that [Father] was going to be suicidal and he was going to go up there and pointed to the sky." We find the family court erred in admitting this statement because it was hearsay. *See* Rule 801(c), SCRE ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). However, any error in admitting this out-of-court statement was harmless. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 140, 538 S.E.2d 285, 290-91 (Ct. App. 2000) (stating the testimony of the DSS caseworkers was cumulative to other testimony and thus, even if their testimony was hearsay, "the admission of the evidence was harmless"). Because Father subsequently testified Son overheard him state he sent a text message that "suicide was the answer," any error in admitting Son's out-of-court statement regarding Father committing suicide was harmless.

4. Because the Children were eventually placed with Father's sister and later reunited with Mother and Father, we find the issue of relative placement is now moot. *See Greenville Cty.*, 380 S.C. at 535, 670 S.E.2d at 667 (stating an appellate court will not pass judgment on moot and academic questions or adjudicate a matter when no actual controversy capable of specific relief exists); *id.* (stating a case is moot when rendering a judgment "will have no practical legal effect upon the existing controversy").

5. We find Mother and Father failed to challenge the submission of the GAL's report during the merits hearing, and the issue was not addressed in the family court's final order. *See Basnight*, 346 S.C. at 252, 551 S.E.2d at 280 (holding an issue not raised to or ruled upon by the family court should not be considered by the appellate court). Thus, this issue is unpreserved.

6.  We find the family court did not err in refusing to disclose the reporter's identity.  *See* S.C. Code Ann. § 63-7-330(A) (2010) ("The identity of the person making a report pursuant to this section must be kept confidential by the agency or department receiving the report and must not be disclosed except . . . as otherwise provided for in this chapter."); S.C. Code Ann. § 63-7-330(B) (2010) (requiring DSS to inform a law enforcement agency of the reporter's identity when DSS refers the report for a criminal investigation and prohibiting the law enforcement agency from disclosing the reporter's identity to any person other than an employee involved in the criminal investigation); S.C. Code Ann. § 63-7-1990(E) (2010) ("A disclosure pursuant to this section shall protect the identity of the person who reported the suspected child abuse or neglect."); *id.* ("Nothing in this subsection prohibits [DSS] from subpoenaing the reporter or other persons to court for the purpose of testimony if [DSS] determines the individual's testimony is necessary to protect the child; *the fact that the reporter made the report must not be disclosed*." (emphasis added)).  Pursuant to these sections, DSS is obligated to protect the identity of anyone who reports suspected child abuse or neglect to DSS.  Accordingly, the family court did not err in refusing to require DSS to disclose the reporter's identity.

**AFFIRMED.**

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**