**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Adoptive Father 1 and Adoptive Mother 1, Appellants,

v.

Adoptive Father 2 and Adoptive Mother 2, Respondents.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2015-002408

Appeal From Anderson County
Edgar H. Long, Jr., Family Court Judge
W. Greg Seigler, Family Court Judge

Unpublished Opinion No. 2016-UP-407
Submitted August 4, 2016 – Filed August 24, 2016

**AFFIRMED**

Thomas W. Dunaway, III, of Dunaway & Assoc., of Anderson; Lisa Richardson Mobley, of Mobley Law Firm, of Greenville; Nicole Nicolette Mace, of The Mace Law Firm, of Myrtle Beach; and Amy Kristan Raffaldt, of Myrtle Beach, for Appellants.

James Fletcher Thompson, of James Fletcher Thompson, LLC, of Spartanburg; and Betsy Buchanan Tanner, of

Anderson Law Firm, LLC, of Fountain Inn, for Respondents.

---

**PER CURIAM:** This is a contested adoption case between two sets of adoptive parents. Adoptive Father 1 and Adoptive Mother 1 (collectively, Appellants) seek to withdraw their consents for adoption, through which they relinquished their parental rights to their adopted child to Adoptive Father 2 and Adoptive Mother 2 (collectively, Respondents). Appellants argue (1) the family court erred in failing to consider the issue of fraud when considering their request for revocation of their consents and the adoption decree; (2) their consents for adoption were involuntary because they were under duress when they signed the consent forms or were coerced into consenting to the adoption, (3) it is in the child's best interest that a withdrawal of the consents for adoption be granted, and (4) the family court erred in failing to conduct an evidentiary hearing in a matter involving the interest of a minor child. We affirm.

1. As to the first issue, we find the issue of fraud is not preserved. *See S.C. Dep't of Soc. Servs. v. Basnight*, 346 S.C. 241, 252, 551 S.E.2d 274, 280 (Ct. App. 2001) (stating an issue not raised to or ruled upon by the family court should not be considered by the appellate court); *Altman v. Griffith*, 372 S.C. 388, 396, 642 S.E.2d 619, 623 (Ct. App. 2007) ("Where a party raises an issue, but the issue is never ruled on by the [family] court, and the party fails to file a motion to alter or amend, the issue is not preserved." (quoting Jean Hoefer Toal, Shahin Vafai & Robert A. Muckenfuss, *Appellate Practice in South Carolina* 58 (2d ed. 2002))); *Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 653-54 (2006) (noting "procedural rules are subservient to the court's duty to zealously guard the rights of minors" but "declin[ing] to exercise [its] discretion to avoid application of the procedural bar" (quoting *Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000))).

2. As to the second and third issues, we find the family court did not err when it determined Appellants could not challenge their consents on the grounds of coercion or duress and best interest. *See* S.C. Code Ann § 63-9-350 (2010) (permitting parents to withdraw their consents if the consents were obtained through duress or coercion and if withdrawal would be in the best interest of the child); *id.* ("The entry of the final decree of adoption renders any consent or relinquishment irrevocable."); *McCann v. Doe*, 377 S.C. 373, 389 n.8, 660 S.E.2d 500, 509 n.8 (2008) ("[A] challenge to the consent for relinquishment may only occur prior to an adoption . . . ."); *Brown v. Baby Girl Harper*, 410 S.C. 446, 454,

766 S.E.2d 375, 379 (2014) ("What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will.  Therefore, the courts are bound to give effect to the expressed intent of the legislature." (quoting *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000))).

3.  As to the remaining issue, we find the family court did not err by not holding an evidentiary hearing in this case.  Because Appellants did not sufficiently allege fraud and could not challenge their consents under section 63-9-350 on the grounds of duress or best interest after the adoption was finalized, we find an evidentiary hearing was unnecessary.

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.