0664

Larry CHASSEREAU, Respondent v. Elizabeth G. STUCKEY, Executrix of the Estate of F. L. Stuckey, Jr., deceased, Appellant.

(342 S. E. (2d) 623)

Court of Appeals

*J. Leeds Barroll, IV,* Columbia, *for appellant.*

*Robert J. Hallman,* Columbia, *for respondent.*

Heard Feb. 17, 1986.

Decided March 24, 1986.

GARDNER, Judge:

Chassereau (lessee) sued Stuckey (lessor) to enforce the terms of a real estate lease. The subject lease provided in the demising clause that the property was "to be used primarily as an automobile dealership." The lessee sublet the property to a sublessee who used it solely as a saloon. The lessor, acting upon an ejectment order of a magistrate which was later set aside, demised the subject property to the same tenant to whom the lessee had sublet it. The new tenant

then paid the rent to the lessor. The appealed order provided that the lessee be reimbursed for the rent collected by the lessor and awarded damages of $10,000. We affirm.

The sole issue of merit on appeal is whether the trial judge erred in holding that the lessee had not breached the lease by subletting the premises for use as a saloon.

The crux of the decision to be made is to establish the intent of the parties. The question is whether the quoted statement in the lease pertaining to the use to be made of the premises implies a covenant not to use the premises for other purposes. The entire lease, not merely the provision in question, must be read to determine whether a restriction was intended. In order to establish a restriction, express language or language from which a restriction is clearly implied must be shown. In the absence of proof of an independent agreement to the effect that a restriction on the use of the premises was a consideration of inducement to the execution of the lease or in the absence of clear language in the lease indicating a restriction, the terms of the lease not limiting the use of the premises must govern and the lessee has the right to use the premises for any lawful purpose for which they are adapted or may be adapted. 51C C.J.S. *Landlord and Tenant*, Section 337(b) (1975). Ordinarily, in the absence of an exclusion of other purposes, a lease for a specific purpose will be regarded as permissive instead of restrictive and does not limit the use of the premises by the lessee to such purposes. *Id.*

Applying the above rules to the lease at hand, we concur with the trial judge in holding that the words "to be used primarily as an automobile dealership" do not constitute a restriction on the use of the building. This interpretation is consistent with other language of the lease. The lease did not contain a forfeiture clause; it additionally authorized the lessee to sublet the premises and to make modifications and alterations on the premises, "so long as the value of the property is not depreciated thereby." We, therefore, find no error in the appealed order.

We find no merit in the remaining questions presented by the lessor.

For the reasons stated, the judgment below is affirmed.

Affirmed.

SANDERS, C. J., and BELL, J., concur.