1844

Rick L. SHROPSHIRE, Appellant v. Stanley P. PRAHALIS
and Steve Valipour, Respondents.

(419 S.E. (2d) 829)

Court of Appeals

*Gene M. Connell, Jr.*, of *Kelaher, Bass & Connell*, Surfside Beach, *for appellant.*

*J. Carlton Bell* and *James C. Pike, Jr.*, North Myrtle Beach, and *Phillip D. Sasser*, Conway, *for respondents.*

Heard June 8, 1992.

Decided June 22, 1992.

SANDERS, Chief Judge:

This is a declaratory judgment action to determine rights under a lease. Respondent Stanley P. Prahalis leased certain real property to appellant Rick L. Shropshire. According to

the terms of the lease, Mr. Shropshire covenanted "that he will not use said premises for any other purpose than that of a Reservation & Information Ctr." He also covenanted "that he will not assign or sublet without the written consent of the Lessor." The lease further provided that Mr. Prahalis may re-enter the premises for "breach of any covenant contained herein." Contrary to the terms of the lease, Mr. Shropshire subleased the property to respondent Steve Valipour, who proceeded to use it as a used car lot. When Mr. Prahalis discovered what had happened, he declared the lease null and void. Thereafter, sublease payments by Mr. Valipour were put into an escrow account, pending resolution by the Circuit Court. The case was referred to a Special Referee, who declared the lease null and void and ordered that the escrowed funds be given to Mr. Prahalis. We affirm.

Mr. Shropshire presents four issues on appeal.

## Issue 1

Mr. Shropshire argues that "the Special Referee erred in holding the lease invalid since all the evidence indicated [Mr. Prahalis'] agent had the apparent authority to authorize [Mr.] Shropshire to lease the premises to [Mr. Valipour] for a used car lot."

"[T]he concept of apparent authority depends upon manifestations by the principal to a third party and the reasonable belief by the third party that the agent is authorized to bind the principal." *Orphan Aid Soc'y v. Jenkins*, 294 S.C. 106, 109-10, 362 S.E. (2d) 885, (Ct. App. 1987). "[A]pparent authority must be established based upon manifestations by the principal, not the agent." *Id.* at 110, 362 S.E. (2d) at 887. A purchaser of the Brooklyn Bridge cannot overcome the title of the true owner, no matter how persuasive the salesman may have been. *Id.*

In the instant case, there is no evidence Mr. Prahalis did anything to make it appear that the agent had the authority to vary the terms of the lease.

## Issue 2

Mr. Shropshire argues that "the Court erred in holding the lease void. The reason being the lease contained ambiguous terms as to the penalty for using the premises as a used car lot."

In support of his argument, Mr. Shropshire relies on *Chassereau v. Stuckey*, 288 S.C. 368, 342 S.E. (2d) 623 (Ct. App. 1986). There, the Court held that, depending on the intent of the parties, language in a lease pertaining to the use to be made of the premises may be restrictive or merely permissive as to what use is allowed. The Court concluded that the language was permissive, not restrictive. Here, unlike there, the lease contains explicit covenants that the premises will not be used for any purpose other than the stated purpose and that the premises will not be sublet without written consent. Moreover, the lease unambiguously provides for forfeiture upon the breach of any covenant.

Mr. Shropshire appears to argue that the lease is somehow rendered ambiguous because another document signed by the parties does not contain the covenants restricting the use of the premises or prohibiting subleasing. The document is styled "offer to lease." It appears to be dated eight days before the date of the lease. In his brief, Mr. Shropshire says the document and the lease were signed on the same date. However, the record does not so reflect. By its terms, the document explicitly envisions a subsequent lease. Quite obviously, the parties were free to include in the subsequent lease any additional terms they might agree to include.

### Issue 3

Mr. Shropshire argues that "the Special Referee erred in allowing the landlord to retain the escrow fund since those funds were collected prior to the lease being declared null and void."

Apparently, Mr. Shropshire argues that he is entitled to the rent paid by Mr. Valipour between the time Mr. Prahalis declared the lease null and void and the time the Special Referee declared it null and void. His argument is manifestly without merit. By the terms of the lease, Mr. Shropshire's right to the premises ended upon his breach of the covenants and Mr. Prahalis' declaring the lease null and void. There is no reason Mr. Shropshire should be allowed to receive rent paid for the use of the premises after his right to the premises had ended.

### Issue 4

Mr. Shropshire argues that the Special Referee erred in not

allowing him to remove a certain building from the premises. The issue is moot. At oral argument, counsel for Mr. Prahalis stipulated that Mr. Shropshire may remove the building in question.

Affirmed.

GARDNER and SHAW, JJ., concur.