70 F.3d 1264
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Calvin WARREN; Bernard Warren; J.H. Woods, Sr.,
Plaintiffs-Appellants,
v.
VARIETY WHOLESALERS, INCORPORATED, Defendant-Appellee.
 No. 95-1199.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1995.
Decided Nov. 21, 1995
 
 Appeal from the United States District Court for the District of South Carolina, at Beaufort. Dennis W. Shedd, District Judge. (CA-94-1087-9-19)
 Clyde A. Eltzroth, Jr., John E. Parker, PETERS, MURDAUGH, PARKER, ELTZROTH & DETRICK, Hampton, South Carolina, for Appellants. Arthur C. Zeidman, General Counsel, VARIETY WHOLESALERS, INC., Raleigh, North Carolina; L. Diane Tindall, WYRICK, ROBBINS, YATES & PONTON L.L.P., Raleigh, North Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before HALL and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Calvin Warren, Bernard Warren, and J.H. Woods, Sr., ("Appellants") appeal from the district court's order entering summary judgment for Variety Wholesalers, Inc., in this diversity action in which Appellants sought additional rent based on the percentage-gross-profit-in-excess-of-base-rent provision. Appellants argued that the lease required continuous operation of a variety store and that Variety Wholesalers' transfer of its business to another location constituted a breach of the contract. We have granted Appellants' motion to submit this appeal on the briefs, and we now affirm the judgment of the district court.
 
 
 2
 In October 1968, Appellants and Macks Stores, Inc., entered into a lease "for the purpose of a general merchandise and variety store business." The contract provided that the leased building would be constructed according to Macks Stores' specifications. Macks Stores agreed to pay monthly rent of $1,152.52 or three-and-a-half percent of gross retail sales, whichever was greater. The rental amount based on gross retail sales was to be computed at the close of the fiscal year and paid within sixty days.
 
 
 3
 In March 1990, the Appellants and Maxway Corporation--formerly Macks Stores, Inc.--extended the original lease to June 1994, with two options to renew for periods of five years. Four days after the lease extension, Maxway assigned the lease to Variety Wholesalers, Inc., who operated a variety store on the leased premises.
 
 
 4
 On March 1992, Variety Wholesalers discontinued its business on the leased premises. Variety Wholesalers subsequently, and with Appellants' consent, sublet the building to be used in part as a clothing store and in part as a game room. Variety continued to pay Appel lants the $1,152.52 base monthly rent. In June 1993, after the sublessee abandoned the leased premises, Variety Wholesalers repossessed the property.
 
 
 5
 In April 1994, Appellants filed this action against Variety Wholesalers seeking additional rent based on gross retail sales from March 1992--when Variety Wholesalers discontinued its operations at the location leased from Appellants--until June 1994--when the lease term expired. The district court entered summary judgment for Variety Wholesalers, finding that the lease did not require that the tenant continuously operate a variety store on the premises; therefore, Appellants were not entitled to rent in excess of the stated minimum.
 
 
 6
 Appellants contend that the lease, as a whole, incorporates the parties' intent that the lessee, Variety Wholesalers, continuously operate a variety store on the premises in order to generate the highest possible rent. Although the stated purpose of the lease was to operate "a general merchandise and variety store business," this statement of purpose, without more, does not restrict the use of the premises to that particular purpose. South Carolina has determined that "in the absence of an exclusion of other purposes, a lease for a specific purpose will be regarded as permissive instead of restrictive." Chassereau v. Stuckey, 342 S.E.2d 623, 624 (S.C.Ct.App.1986). Such leased property may be used for any lawful purpose for which the property may be adapted. Id.; see Shropshire v. Prahalis, 419 S.E.2d 829, 830 (S.C.Ct.App.1992) (distinguishing Chassereau; lease expressly prohibited use of property for any purpose other than stated). As the district court properly determined, the lease between Appellants and Variety Wholesalers does not expressly restrict the use of the property to the stated purpose of a general merchandise and variety store business.
 
 
 7
 Appellants assert that the restriction is implicit in the rent term, the zoning provision, the condemnation provision, the sublease clause, and the restriction on Appellants' leasing of other property for use as a variety store within a ten-mile radius of Hampton, South Carolina. They contend that the language of these provisions demonstrates an ambiguity in the meaning of "purpose of a general merchandise and variety store business." Where the language of a contract is plain and unambiguous, interpretation of the contract is a question of law, which may be determined by the district court on a motion for summary judgment. Goodman v. Resolution Trust Corp., 7 F.3d 1123, 1126 (4th Cir.1993); Lyles v. BMI, Inc., 355 S.E.2d 282, 284 (S.C.Ct.App.1987). If the language of the contract is clear, extrinsic evidence will not be considered to aid or alter the plain meaning of the contract terms. C.A.N. Enters., Inc. v. South Carolina Health & Human Servs. Fin. Comm'n, 373 S.E.2d 584, 586 (S.C.1988); Conner v. Alvarez, 328 S.E.2d 334, 336 (S.C.1985).
 
 
 8
 The lease provided for payment of the greater of a stated minimum rent or a percentage of gross retail sales. Unlike the lease in United Dominion Realty Trust, Inc. v. Wal-Mart Stores, Inc., 413 S.E.2d 866, 868-69 (S.C.Ct.App.1992), which required the lessee's best efforts to produce maximum revenue--thus mandating continued operation of the retail business--nothing in this lease evidences a requirement that the lessee continuously operate a variety store on the premises. Indeed, in the lease before the court, the rent provision requiring payment of a stated amount or a percentage of gross sales is contrary to such an obligation. See United Dominion, 413 S.E.2d at 868 (base rent in addition to percentage of sales).
 
 
 9
 We also find no merit to Appellants' contention that the zoning provision and the condemnation provision create an ambiguity in the lease by supporting a requirement of continuous operation. These provisions give the lessee the option of canceling the lease in the event of a zoning change or condemnation of the property which prevent the lessee from carrying on its business. Because the lease did not provide for automatic termination of the agreement if the lessee could not operate a retail store, the Appellants clearly did not intend to restrict the use of the property to a general merchandise and variety store business.
 
 
 10
 Appellants also rely on the provision in the lease that allowed the lessee to sublease the property with Appellants' consent but held the lessee to "its primary responsibility." We agree with the district court that Appellants cannot seriously contend that the "primary responsibility" as used in this provision was to maintain a retail business on the premises. The sublease clause did not restrict the use of the prop erty other than stating: "No sublease shall operate or conduct the same kind of business as any other tenant in said shopping center without written approval from Lessors."
 
 
 11
 Lastly, Appellants argue that the restriction on their ability to lease other property for use as a variety store within a ten-mile radius of Hampton, South Carolina, shows that the lease obligated Variety Wholesalers to operate a variety store business on the leased premises. We find this provision, alone or in conjunction with the other cited provisions, insufficient to present an ambiguity in the lease and insufficient to evidence a requirement that the lessee continuously maintain a retail store on the leased premises.
 
 
 12
 In conclusion, we perceive no ambiguity in the lease and no requirement that the lessee maintain a retail business on the premises. See Goodman, 7 F.3d at 1126. We therefore affirm the district court's order granting summary judgment for Variety Wholesalers. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.