615 S.E.2d 112

**Johnny ROBERSON and Phyllis Fredrick, Respondents,**

v.

**SOUTHERN FINANCE OF SOUTH CAROLINA, INC., Appellant.**

No. 26001.

Supreme Court of South Carolina.

Heard May 3, 2005.

Decided June 20, 2005.

C. Mitchell Brown, and Elizabeth Herlong Campbell, both of Nelson, Mullins Riley & Scarborough, of Columbia, for Appellant.

Robert N. Hill, of Law Offices of Robert Hill, of Newberry; and Woodrow H. Gooding and Mark B. Tinsley, both of Gooding & Gooding, P.A., of Allendale, for Respondents.

Justice WALLER:

The special referee denied appellant's motion to set aside a default judgment on the ground of improper service. We reverse.

## FACTS

The respondents Johnny Roberson and Phyliss Frederick filed an action against Southern Finance Company (Southern Finance) alleging negligence, intentional infliction of emotional distress, false imprisonment, and malicious prosecution. The respondents mailed the summons and complaint to Southern Finance's registered agent, Charles Brooks, by certified mail with return receipt requested. A clerical employee, Amy Jones Bair, signed the return receipt. Brooks testified he never received the summons and complaint. Accordingly, Southern Finance never answered the complaint and the respondents filed a motion for default judgment. Subsequently, the circuit court granted an entry of default against Southern Finance and referred the matter to a special referee for default judgment to be entered and a damages hearing.

After holding a damages hearing, the special referee entered a default judgment and awarded each respondent $25,000 in actual damages and $150,000 in punitive damages, for a total default judgment of $350,000. Southern Finance moved to set aside or amend the judgment or for a new trial nisi remittitur on the ground that service was improper because Bair was not authorized to receive service for Southern Finance. The special referee denied the motion and Southern Finance now appeals.

## ISSUE

Did the special referee err in denying Southern Finance's Rule 60 motion to set aside the default judgment on the ground the summons and complaint were not properly served?

## DISCUSSION

■ The special referee denied Southern Finance's motion to set aside the default judgment due to the lack of proper service of the summons and complaint. The special referee found Bair was an implied agent with the authority to accept service of process. Southern Finance contends the special referee erred. We agree.

■ The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial judge. *Thompson v. Hammond,* 299 S.C. 116, 119, 382 S.E.2d 900, 902–903 (1989). The trial court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion. *Mitchell Supply Co., Inc. v. Gaffney,* 297 S.C. 160, 162–63, 375 S.E.2d 321, 322–23 (Ct.App.1988). "An abuse of discretion in setting aside a default judgment occurs when the judge issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support." *In re Estate of Weeks,* 329 S.C. 251, 259, 495 S.E.2d 454, 459 (Ct.App.1997).

■ Southern Finance moved to set aside the default judgment pursuant to Rules 55(c) and 60(b), SCRCP. "The standard for granting relief from an entry of default is good cause

under Rule 55(c) ... while the standard is more rigorous for granting relief from a default judgment under Rule 60(b)...." *Ricks v. Weinrauch,* 293 S.C. 372, 374, 360 S.E.2d 535, 536 (Ct.App.1987). Southern Finance did not make any motion until after the default judgment had been entered. Therefore, Rule 55(c) is inapplicable. Under Rule 60(b), a party may seek relief from a default judgment where the judgment is void.

■ Southern Finance contends the default judgment is void because of improper service. Rule 4(d)(3), SCRCP, provides that service upon a corporation may be made "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process ..." Further, Rule 4(d)(8) provides, in part:

> Service pursuant to this paragraph shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing the acceptance by the defendant. Any such default or judgment by default shall be set aside pursuant to Rule 55(c) or Rule 60(b) if the defendant demonstrates to the court that the return receipt was signed by an unauthorized person.

"[A] plaintiff need only show compliance with the rules." *Roche v. Young Bros., Inc.,* 318 S.C. 207, 211, 456 S.E.2d 897, 900 (1995). When the rules are followed, it is presumed that service was proper. *Id.* It is undisputed that the respondents sent the summons and complaint via certified mail with return receipt requested to Southern Finance's registered agent, Brooks, at the address on file with the Secretary of State for Brooks. Further, it is undisputed that Bair signed the return receipt. Thus, pursuant to Rule 4(d)(8), the burden shifts to Southern Finance to demonstrate Bair was not authorized to accept service.

■■ Southern Finance contends Bair was not its agent and thus did not have the authority to accept service on its behalf. An agent's authority is composed of his or her actual authority, whether express or implied, together with the apparent authority which the principal by his or her conduct is precluded from denying. Thus, an agent's authority must be either expressed, implied, or apparent. 2A CJS Agency § 132

(2004). While actual authority is expressly conferred upon the agent by the principal, apparent authority is when the principal knowingly permits the agent to exercise authority, or the principal holds the agent out as possessing such authority. *Moore v. North Am. Van Lines,* 310 S.C. 236, 239, 423 S.E.2d 116, 118 (1992).

Whether apparent authority can suffice to show authorization to accept service under Rule 4 is an unsettled question. *See Schultz v. Schultz,* 436 F.2d 635, 637 (7th Cir.1971) (describing as "dubious" the "assumption that such authority may be implied in some situations"); *see also Chatman v. Condell Med. Ctr.,* 2002 WL 737051, at *3 (N.D.Ill. Apr.22, 2002) (collecting cases).

 Even if apparent authority suffices, however, it is established based upon manifestations by the principal, not the agent. *See Shropshire v. Prahalis,* 309 S.C. 70, 419 S.E.2d 829 (Ct.App.1992). An apparent agency may not be established solely by the declarations and conduct of an alleged agent. *Frasier v. Palmetto Homes,* 323 S.C. 240, 473 S.E.2d 865 (Ct.App.1996). There is no evidence in the record that Southern Finance manifested Bair was its apparent agent in any way.

Neither do the circumstances support the conclusion that Bair had implied authority to accept service for Southern Finance. Again, there is no evidence Southern Finance authorized Bair to act as its registered agent. Furthermore, an agent has no implied authority unless she herself believed she had such authority. 2A CJS Agency § 136 (2004). Bair testified she has never been authorized to accept service.

The respondents also argue past behavior by Bair creates an agency relationship in this case. Bair has accepted service for Brooks on behalf of Southern Finance in several other cases in the past as outlined in the special referee's order. Southern Finance contends that these instances are irrelevant in determining whether Bair was the apparent or implied agent to accept service in this case. Certainly, past behavior could be relevant to show agency. However, it is Southern Finance's past behavior which would be relevant and not Bair's. Here, there is no evidence in the record that Southern Finance held out Bair as its agent or was even aware that Bair

had ever signed for Brooks. Bair's behavior in the prior cases are not actions which a third party could rely upon to conclude that Southern Finance authorized her to accept service.

The findings of the special referee are binding on this Court unless wholly unsupported by the evidence or controlled by an error of law. Here, the special referee's determination that service was proper should be reversed as it is unsupported by the evidence. We are unable to find any evidence in the record to support a legal relationship between Bair and Southern Finance sufficient to have effectuated proper service. Because we find service was improper, we need not address the remaining issues as the default judgment is void.

**REVERSED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.