633 S.E.2d 497

**HARBOR ISLAND OWNERS' ASSOCIATION, Respondent,**

v.

**PREFERRED ISLAND PROPERTIES, INC., a North Carolina Corporation, Appellant.**

No. 26187.

Supreme Court of South Carolina.

Heard May 24, 2006.

Decided July 24, 2006.

Robert V. Mathison, Jr., of Mathison & Mathison, of Hilton Head Island, for Appellant.

James B. Richardson, Jr., of Law Office of James B. Richardson, Jr., of Columbia, for Respondent.

Justice PLEICONES:

This is a default-judgment case. Appellant appeals from an order of the master-in-equity that Appellant was in default, and from an order of default judgment. We certified the case from the Court of Appeals pursuant to Rule 204(b), SCACR, and we now affirm the entry-of-default order, and affirm in part and reverse in part the default-judgment order.

## FACTS

Appellant is a North Carolina corporation that owned two parcels of property in the Harbor Island subdivision in Beaufort County, South Carolina. On February 6, 2004, Respon-

dent filed a notice and certificate of lien on the two parcels.[1] Respondent served the notice and certificate by mail on Robert Honeycutt (Honeycutt), Appellant's principal and manager, at Honeycutt's North Carolina address.

On March 4, 2004, Respondent filed a summons and complaint seeking foreclosure on the two parcels.[2] According to the complaint, Appellant had failed to pay membership fees owed on the two lots for assessment years 1991–1992 through 2003–2004. The fees were owed pursuant to the Harbor Island Owners' Association Covenants.

On March 19, 2004, a process server personally served the summons and complaint on Paul Barber (Barber), the person listed with the Secretary of State as Appellant's registered agent for service of process. Barber swore in his affidavit that he "threw the papers away" because he thought he had "no business affiliation" with Appellant. He swore that he had "had no knowledge of why or how [he] became named as the agent for service for" Appellant.

On April 22, 2004, Respondent filed an affidavit of default with the clerk of court for Beaufort County. Respondent served the affidavit by mail on both Barber and Honeycutt.

Appellant's attorney became aware of the complaint and the affidavit of default on April 27. On April 28, Appellant filed an answer to the complaint.

On July 22, 2004, Appellant filed a document entitled Motion to Determine that Default Has Not Been Entered and in the Alternative to Set Aside Entry of Default. After a hearing, the master denied the motion. The master found that Appellant was in default and that Appellant had failed to show good cause to set aside the entry of default.

The master also granted Respondent's motion for default judgment in the amount of the unpaid membership dues. The master found that Respondent was entitled to pre-and post-judgment interest on each late fee at a rate of eighteen percent per annum, which the master found was a contractual

---

1. Respondent later filed a *lis pendens.*

2. Respondent also pleaded a cause of action for damages, which is not at issue on appeal.

rate established by the association covenants. The master then held that Respondent was entitled to recover its damages through foreclosure on the two parcels, and the master declared that he would hold a public auction.

## ISSUES

I.  Whether the master erred in finding that Appellant was in default.

II.  Whether the master erred in finding that a contractual interest rate of eighteen percent applied.

## ANALYSIS

We affirm the entry-of-default order and affirm in part and reverse in part the default-judgment order. The master did not abuse his discretion in finding Appellant in default, but the master did abuse his discretion in holding that a contractual interest rate of eighteen percent applied to the judgment.

### I. ENTRY OF DEFAULT

"The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial judge. The trial court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion. An abuse of discretion ... occurs when ... the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support." *Roberson v. S. Finance of S.C., Inc.*, 365 S.C. 6, 9, 615 S.E.2d 112, 114 (2005) (citations and internal quotation omitted).

Appellant argues that Respondent's affidavit of default was a nullity because it was filed before the time for Appellant to answer had expired. Respondent filed the affidavit of default thirty-four days after serving the complaint on Barber, Appellant's registered agent. Appellant notes the rule that generally, "[a] defendant shall serve his answer within 30 days after the service of the complaint upon him." Rule 12(a), SCRCP. According to Appellant, however, under Rule 6(e),

SCRCP, a defendant has thirty-five days to answer if service is made upon a registered agent.

Rule 6(e) provides:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail or upon *a person designated by statute to accept service,* five days shall be added to the prescribed period.

Rule 6(e), SCRCP (emphasis added).

In Appellant's view, a "registered agent" is "a person designated by statute to accept service," because a registered agent is a creature of statute. Appellant also points to the South Carolina Reporters' Comments on various statutes, which seem to view registered agents as statutory agents. *See* S.C.Code Ann. §§ 33–5–101 rptr. cmt. (referring to the registered agent for a domestic corporation as a "statutory agent"), 33–5–104 (same, and implicitly differentiating between the Secretary of State's status as a statutory agent and a registered agent's status as a statutory agent), and 33–15–107 (discussing the "appointment of a statutory agent" by a foreign corporation). Because Barber was a statutory agent, Appellant claims, Appellant had thirty-five days within which to file its answer. Because Respondent filed its affidavit of default prior to the expiration of Appellant's time to file an answer, the affidavit of default was a nullity, and default was never properly entered.

We agree with Respondent that a "registered agent" is not a "person designated by statute to accept service" and that Rule 6(e) therefore does not apply. While section 33–15–107 requires a foreign corporation to designate an agent, the statute itself makes no designation. *Cf.* S.C.Code Ann. § 15–9–245 (2005) (providing that service of process is made upon the Secretary of State for businesses that do business in the state without authorization); S.C.Code Ann. § 15–9–270 (2005) (providing for service of process upon the Director of the Department of Insurance for insurance companies).

Consequently, we affirm the master's holding that default was properly entered against Appellant.

## II. Interest Rate

■ Concerning the judgment of default, Appellant argues that the master erred in finding that a contractual interest rate of eighteen percent applied to pre-and post-judgment interest on the unpaid membership fees. We agree.

■ The master's findings of fact must be upheld "unless wholly unsupported by the evidence or controlled by an error of law." *Roberson*, 365 S.C. at 11, 615 S.E.2d at 115. Here, the master's finding is not supported by the evidence in the record.

At the damages hearing, Respondent introduced a copy of the neighborhood covenants. Article V, section 6 of the covenants provides that unpaid dues carry "interest thereon at a rate set by the Board of Directors." To show the rate set by the board, Respondent called its bookkeeper to testify. Respondent's attorney asked, "And what is the interest rate that accrues on those assessments?" The bookkeeper answered, "18%—I think, 19%. It's in the computer, but I don't remember it."

The master found that the bookkeeper's testimony supported Respondent's claim for an eighteen-percent contractual interest rate. We agree with Appellant that the testimony did not constitute evidence supporting the master's finding. The bookkeeper did not remember the rate.

■ Respondent asserts that regardless of the evidence submitted at the hearing, the basis for the master's finding, the record reveals an additional sustaining ground. Respondent argues it is entitled to the eighteen-percent rate because the rate's application was alleged in the complaint.[3] We disagree.

The interest on the unpaid assessments is part of damages. By defaulting, Appellant admitted the allegations in the complaint concerning liability, not damages. Respondent had the burden of proving damages. *See Renney v. Dobbs House, Inc.*, 275 S.C. 562, 566, 274 S.E.2d 290, 292 (1981) (discussing

---

3. In its complaint, Respondent alleged it was entitled to interest "at a rate set by the Board (1 1/2 per month)."

*Howard v. Holiday Inns, Inc.,* 271 S.C. 238, 246 S.E.2d 880 (1978)).

Regarding proof of damages, Rule 55(b)(1), SCRCP, provides:

When the claim of a party seeking judgment by default is for a liquidated amount, a sum certain or a sum which can by computation be made certain, the judge, upon motion or application of the party seeking default, and upon affidavit of the amount due, shall enter judgment for that amount and costs against the party against whom judgment by default is sought, if that party has been defaulted for failure to appear and if such party is not a minor or incompetent person. A verified pleading may be used in lieu of an affidavit when the pleading contains information sufficient to determine or compute the sum certain.

Here, Respondent attached verified statements of accounts to the complaint. *See* Rule 9(i), SCRCP (providing that "[i]n an action on an account the pleader shall attach a verified copy of the account to the pleading, or if the items of the account are set forth in the pleading, it must be verified"). These accounts do not reference accrued or accruing interest, let alone a particular interest rate. The account statements, therefore, do not satisfy Rule 55 with respect to the claim for a contractual rate. Further, the complaint itself is not verified; thus, the allegation in the complaint does not satisfy Rule 55, either.

We therefore reverse the master's holding that Appellant owes interest on the judgment at a rate of eighteen percent, and we remand the case to the master with instruction to order payment at the judgment rate.

## CONCLUSION

We affirm the order denying Appellant's motion to set aside entry of default. We reverse the finding in the default-judgment order that a contractual interest rate of eighteen percent applied, and remand the case to the master with instruction to apply the judgment rate.

**AFFIRMED IN PART; REVERSED IN PART.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.