**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Emser Tile, LLC, Respondent,

v.

John D. Cattano, Appellant.

Appellate Case No. 2013-002806

Appeal from Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-099
Submitted November 1, 2014 – Filed March 4, 2015

**AFFIRMED**

John D. Cattano, of Columbia, pro se.

Anthony D. Hoefer, of Levi Wittenberg Harritt Hoefer & Davis, of Sumter, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 56(c), SCRCP ("[Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law."); *Matsell v. Crowfield Plantation Cmty. Servs. Ass'n*, 393 S.C. 65, 70, 710 S.E.2d 90, 93 (Ct. App. 2011) ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party."); *Roland v. Heritage Litchfield, Inc.*, 372 S.C. 161, 165, 641 S.E.2d 465, 467 (Ct. App. 2007) ("Once the moving party meets the initial burden of showing an absence of evidentiary support for the opponent's case, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial and cannot simply rest on mere allegations or denials contained in the pleadings."); *Frasier v. Palmetto Homes of Florence, Inc.*, 323 S.C. 240, 244-45, 473 S.E.2d 865, 868 (Ct. App. 1996) ("Apparent authority . . . is created as to a third person by written or spoken words *or any other conduct of the principal* which, reasonably interpreted, causes the third person to believe the principal consents to have the act done on his behalf by the person purporting to act for him."); *Roberson v. S. Fin. of S.C., Inc.*, 365 S.C. 6, 11, 615 S.E.2d 112, 115 (2005) ("While actual authority is expressly conferred upon the agent by the principal, apparent authority is when the principal knowingly permits the agent to exercise authority, or the principal holds the agent out as possessing such authority."); *Johnson v. Broome*, 175 S.C. 385, 393, 179 S.E. 315, 318 (1935) ("[T]he debtor has the right to direct the application of payments to any one or more of his debts, but should no direction be given him, then the creditor may apply the payment in such manner as best pleases him."); *AMA Mgmt. Corp. v. Strasburger*, 309 S.C. 213, 219, 420 S.E.2d 868, 872 (Ct. App. 1992) ("A guaranty of payment is an absolute or unconditional promise to pay a particular debt if it is not paid by the debtor at maturity."); *id.* ("It is a personal obligation running directly from the guarantor to the creditor which is immediately enforceable against the guarantor upon default of the debtor.").

**AFFIRMED.**[1]

**KONDUROS, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.