**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Paula Rose, Respondent,

v.

Charles Homer Rose, III, Appellant.

Appellate Case No. 2015-000701

───────────────

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

───────────────

Unpublished Opinion No. 2016-UP-452
Submitted September 1, 2016 – Filed November 9, 2016

───────────────

**AFFIRMED**

───────────────

Kim R. Varner, of Varner & Segura, and J. Falkner Wilkes, both of Greenville, for Appellant.

Charles J. Hodge and Timothy Ryan Langley, of Hodge & Langley Law Firm, PC; and Christopher David Kennedy and N. Douglas Brannon, of Kennedy & Brannon, P.A., all of Spartanburg, for Respondent.

───────────────

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Roberson v. S. Fin. of S.C., Inc.*, 365 S.C. 6, 9, 615 S.E.2d 112, 114

(2005) ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the [circuit court]."); *id.* ("The [circuit] court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion."); *id.* ("An abuse of discretion in setting aside a default judgment occurs when the [court] issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support." (quoting *In re Estate of Weeks*, 329 S.C. 251, 259, 495 S.E.2d 454, 459 (Ct. App. 1997))).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.