**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Randall Dixon, Appellant,

v.

Nationwide Property & Casualty Insurance Company, Respondent.

Appellate Case No. 2016-000987

———————

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-424
Submitted October 1, 2017 – Filed November 15, 2017

———————

**AFFIRMED**

———————

Donald Leverette Allen and Joshua Chuck Bronson Allen, both of The Allen & Allen Law Firm, of Anderson, for Appellant.

John Robert Murphy and Wesley Brian Sawyer, both of Murphy & Grantland, PA, of Columbia, for Respondent.

———————

**PER CURIAM:** Randall Dixon appeals the circuit court's order denying his request for a declaratory judgment reforming his policy with Nationwide Property & Casualty Insurance Company. Dixon argues the circuit court erred in holding

(1) Nationwide made a meaningful offer of underinsured motorist (UIM) coverage to all named insureds and (2) Jessica Dixon acted as his agent in rejecting UIM coverage. We affirm pursuant to Rule 220(b), SCACR.

1. The circuit court did not err in holding Nationwide made a meaningful offer of UIM coverage to all named insureds. *See Nationwide Mut. Ins. Co. v. Prioleau*, 359 S.C. 238, 241, 597 S.E.2d 165, 167 (Ct. App. 2004) ("A suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying issue. As the underlying issue in the present case involves determination of coverage under an insurance policy, the action is at law. In an action at law, tried without a jury, the trial [court's] factual findings will not be disturbed on appeal unless a review of the record reveals there is no evidence which reasonably supports the judge's findings."); S.C. Code Ann. § 38-77-160 (2015) ([C]arriers shall . . . offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage . . . ."). When Wife reinstated the policy in June 2013, she was provided with a statutorily compliant UIM offer form, which she signed in Husband's name. *See* S.C. Code Ann. § 38-77-350 (2015) (describing the form insurers must use when offering UIM coverage); *Progressive Cas. Ins. Co. v. Leachman*, 362 S.C. 344, 349-50, 608 S.E.2d 569, 572 (2005) ("An insurer enjoys a presumption that it made meaningful offer if it executes a form that complies with this statute."); *Roberson v. S. Fin. of S.C., Inc.*, 365 S.C. 6, 10, 615 S.E.2d 112, 115 (2005) ("An agent's authority is composed of his or her actual authority, whether express or implied, together with the apparent authority which the principal by his or her conduct is precluded from denying."); *ML-Lee Acquisition Fund, L.P. v. Deloitte & Touche*, 327 S.C. 238, 242, 489 S.E.2d 470, 472 (1997) ("[T]he authorized acts of an agent are the acts of the principal."); *Palmer v. Sovereign Camp, W.O.W.*, 197 S.C. 379, 389, 15 S.E.2d 655, 659 (1941) ("[N]otice to the agent under such circumstances is imputed to the principal.").

2. The circuit court did not err in holding Jessica Dixon acted as Randall Dixon's agent in rejecting UIM coverage. *See Roberson*, 365 S.C. at 10, 615 S.E.2d at 115 ("An agent's authority is composed of his or her actual authority, whether express or implied, together with the apparent authority which the principal by his or her conduct is precluded from denying."); *ML-Lee Acquisition Fund*, 327 S.C. at 242, 489 S.E.2d at 472 ("[T]he authorized acts of an agent are the acts of the principal.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.