# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Gregory T. Christian, Appellant,

v.

Anna Healy, Greenville Police Officer Andrew League,
City of Greenville, South Carolina, Defendants,

Of whom Anna Healy is the Respondent.

Appellate Case No. 2018-001600

———

Appeal from Greenville County
Alex Kinlaw, Jr., Circuit Court Judge

———

Opinion No. 5881
Submitted September 1, 2021 – Filed December 15, 2021

———

## AFFIRMED

———

Gregory T. Christian, of Greenville, pro se.

Carl F. Muller, of Carl F. Muller, Attorney at Law, P.A.,
of Greenville, for Respondent.

———

**LOCKEMY, C.J.:** In this civil case, Gregory T. Christian, pro se, appeals the circuit court's dismissal of his complaint against Anna Healy pursuant to Rules 12(b)(5) and 12(b)(6) of the South Carolina Rules of Civil Procedure (SCRCP). Christian argues the circuit court erred in (1) ruling Healy was not properly served with process, (2) finding Christian himself alleged "Healy did *not* defame him," (3) finding Healy's statements to law enforcement were not defamatory because Christian suggested she call police, (4) finding Healy's communications with law

enforcement were privileged, (5) finding the complaint did not allege publication or fault, and (6) denying Christian's motion to amend his complaint. We affirm.[1]

## FACTS AND PROCEDURAL HISTORY

On April 23, 2018, Christian filed a summons and complaint alleging a cause of action for defamation against Healy, Greenville Police Officer Andrew League, and the City of Greenville. Christian's claims arose from an incident that occurred at a yard sale Healy hosted on April 23, 2016. Christian alleged he attended the yard sale and as he was leaving, Healy "accosted" him from about twenty feet away and claimed she saw him steal a ring. Christian stated he denied stealing the ring and refused Healy's request to search him. According to Christian, he told Healy to "call the police" if she believed a crime had been committed and said he would wait for them to arrive. Healy called 911. Officer League was one of several officers who responded to the scene. Christian stated the officers searched him but found no ring. In support of his claim for defamation, Christian alleged Healy falsely claimed he stole a ring and that she repeated these statements to the 911 operator and police. He claimed that as a result, police designated him as a suspected criminal in a police report.

On May 21, 2018, Healy moved to dismiss the complaint pursuant to Rule 12(b)(6), SCRCP for failure to state a claim and Rule 12(b)(5), SCRCP for insufficient service of process, arguing Christian failed to comply with Rule 4(d)(8), SCRCP.[2] The circuit court heard the motion on July 17, 2018. Christian admitted insufficient service as to the original summons and complaint but argued he sent an amended summons and complaint on July 3, 2018, via certified mail with restricted delivery as required by Rule 4(d)(8). Healy argued Christian failed to serve her with the amended summons and complaint, which she claimed were sent to the incorrect address. Christian stated he Googled Healy's address and mailed both the original and the amended filings to her at the same address. The circuit court found service upon Healy "did not comply with Rule 4(d)(8)" because "it was not mailed certified mail, return receipt requested, restricted delivery" and

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] "Service of a summons and complaint upon a defendant . . . may be made by the plaintiff . . . by registered or certified mail, return receipt requested and delivery restricted to the addressee. Service is effective upon the date of delivery as shown on the return receipt." Rule 4(d)(8), SCRCP.

dismissed Christian's claims against Healy with prejudice pursuant to Rules 12(b)(5) and 12(b)(6).[3]  This appeal followed.[4]

## ISSUES ON APPEAL

1. Did the circuit court err in granting Healy's motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5), SCRCP?

2. Did the circuit court err in dismissing Christian's complaint pursuant to Rule 12(b)(6), SCRCP without allowing Christian leave to amend his complaint?

## LAW AND ANALYSIS

Christian argues he complied with Rule 4(d)(8), SCRCP by sending the amended summons and complaint via "certified mail, return receipt requested, restricted delivery" to Healy's address.  We disagree.

"The trial court's findings of fact regarding validity of service of process are reviewed under an abuse of discretion standard."  *Graham Law Firm, P.A. v. Makawi*, 396 S.C. 290, 294-95, 721 S.E.2d 430, 432 (2012).  Rule 4(d)(8), SCRCP allows a plaintiff to serve a summons and complaint upon an individual defendant "by registered or certified mail, return receipt requested *and delivery restricted to the addressee*." (emphasis added).  Rule 5, SCRCP provides, "[A] summons and complaint shall be filed before service.  Proof of service shall be filed within ten . . . days after service of the summons and complaint."  Rule 5(d).  "Upon failure to serve the summons and complaint, the action may be dismissed by the court on the court's own initiative or upon application of any party."  *Id.*  A party may assert a defense of insufficiency of service of process before filing a responsive pleading.  Rule 12(b)(5).

Christian conceded he did not comply with Rule 4(d)(8) when he first attempted to serve Healy.  Further, he neither produced a return receipt indicating Healy received the original summons and complaint nor provided any documentation to

---

[3] Christian also moved to amend his complaint to allege facts to show publication of the statement, but the circuit court denied the request.

[4] The circuit court also dismissed Christian's claims against the City and Officer League.  Christian has not appealed this ruling.

show the amended summons and complaint were delivered to Healy.[5]  Thus, evidence supports the circuit court's conclusion that Christian failed to serve Healy with the summons and complaint in compliance with Rule 4(d)(8).  *See Langley v. Graham*, 322 S.C. 428, 431 n.4, 472 S.E.2d 259, 261 n.4 (Ct. App. 1996) ("We view the requirement of showing that the certified mail was properly sent as mandated by . . . Rule 4(d)(8) to be [the plaintiff]'s burden . . . .").  We therefore conclude the circuit court did not err in dismissing the complaint based on insufficient service of process pursuant to Rule 12(b)(5).  Because Christian has not challenged the circuit court's decision to dismiss the complaint with prejudice, our decision to affirm the dismissal pursuant to Rule 12(b)(5) is dispositive.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (stating an issue "must have been raised to and ruled upon by the trial judge to be preserved for appellate review").  Thus, we decline to address Christian's remaining issues on appeal.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address an appellant's remaining issues when its decision on a prior issue is dispositive).

**CONCLUSION**

For the foregoing reasons, the circuit court's order dismissing Christian's complaint with prejudice pursuant to Rule 12(b)(5) is

**AFFIRMED.**

**WILLIAMS and MCDONALD, JJ., concur.**

---

[5] Christian's "amended" complaint was identical to the original complaint, and it is evident he filed the amended complaint in another attempt to serve Healy.