**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ronald I. Paul, Appellant,

v.

South Carolina Department of Transportation; Paul D. de Holczer, individually and as a partner of the law firm of Moses, Koon & Brackett, PC; Michael H. Quinn, individually and as senior lawyer of Quinn Law Firm, LLC; J. Charles Ormond, Jr., individually and as a partner of the Law Firm of Holler, Dennis, Corbett, Ormond, Plante & Garner; Oscar K. Rucker, in his individual capacity as Director, Rights of Way South Carolina Department of Transportation; Macie M. Gresham, in her individual capacity as Eastern Region Right of Way Program Manager South Carolina Department of Transportation; Natalie J. Moore, in her individual capacity as Assistant Chief Counsel, South Carolina Department of Transportation, Defendants,

Of whom Oscar K. Rucker, in his individual capacity as Director, Rights of Way South Carolina Department of Transportation, and Macie M. Gresham, in her individual capacity as Eastern Region Right of Way Program Manager South Carolina Department of Transportation are the Respondents.

Appellate Case No. 2019-001224

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2022-UP-061
Submitted January 1, 2022 – Filed February 9, 2022

**AFFIRMED**

Ronald I. Paul, of Columbia, pro se.

Andrew F. Lindemann, of Lindemann & Davis, P.A., of
Columbia, for Respondents.

**PER CURIAM:** Ronald Paul appeals the circuit court's denial of his motion for
default judgment and grant of Oscar Rucker and Macie Gresham's motion to
dismiss for lack of personal jurisdiction. Paul argues the circuit court abused its
discretion by (1) finding he ineffectively served Rucker and Gresham, (2) refusing
to enter default, and (3) denying his Rule 59(e), SCRCP, motion and request for a
continuance to conduct further discovery. We affirm pursuant to Rule 220(b),
SCACR, and the following authorities:

1.     The circuit court properly found it lacked personal jurisdiction because Paul
ineffectively served Rucker and Gresham. *See Graham L. Firm, P.A. v. Makawi*,
396 S.C. 290, 294-95, 721 S.E.2d 430, 432 (2012) ("The [circuit] court's findings
of fact regarding validity of service of process are reviewed under an abuse of
discretion standard."); *BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 503
(2006) ("A court generally obtains personal jurisdiction by the service of a
summons."); Rule 4(d)(8), SCRCP ("Service of a summons and complaint upon a
defendant . . . may be made by the plaintiff or by any person authorized to serve
process pursuant to Rule 4(c), [SCRCP,] . . . by registered or certified mail, return
receipt requested and delivery restricted to the addressee."); *Roche v. Young Bros.
of Florence*, 318 S.C. 207, 211, 456 S.E.2d 897, 900 (1995) ("Under Rule 4(d)(8)
the defendant, not the plaintiff, must prove that the receipt was signed by an
unauthorized person. The plaintiff need only show compliance with the rules.");
*Moore v. Simpson*, 322 S.C. 518, 523, 473 S.E.2d 64, 67 (Ct. App. 1996) ("Claims
by one to possess authority to receive process or actual acceptance of process by an
alleged agent will not necessarily bind the defendant. Rather, there must be
evidence the defendant intended to confer such authority."). The evidence in the
record reflects Paul did not serve Gresham in compliance with Rule 4(d)(8),

SCRCP, because delivery was not restricted to Gresham. As for Rucker, the evidence in the record supports the circuit court's finding that Rucker did not authorize the South Carolina Department of Transportation or any of its employees to accept service of process on his behalf.

2.    The circuit court properly set aside any judgment of default against Rucker and Gresham. *See* Rule 4(d)(8) ("Any such default or judgment by default shall be set aside pursuant to Rule 55(c)[, SCRCP,] or Rule 60(b)[, SCRCP,]  if the defendant demonstrates to the court that the return receipt was signed by an unauthorized person."); Rule 55(c) (allowing a court to set aside a default judgment in accordance with Rule 60(b), SCRCP); Rule 60(b)(4) ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment . . . [if] the judgment is void . . . ."); *Taylor*, 369 S.C. at 551, 633 S.E.2d at 503 ("A judgment is void if a court acts without personal jurisdiction.").

3.    The circuit court properly denied Paul's Rule 59(e), SCRCP, motion, because it correctly found it lacked personal jurisdiction and properly refused Paul's request for a continuance to conduct additional discovery. *See Sullivan v. Hawker Beechcraft Corp.*, 397 S.C. 143, 151, 723 S.E.2d 835, 839-40 (Ct. App. 2011) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the court need not permit even limited discovery confined to issues of personal jurisdiction if it will be a fishing expedition.") (quoting *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988))); *State v. McMillian*, 349 S.C. 17, 21, 561 S.E.2d 602, 604 (2002) ("Reversals of refusal of a continuance are about as rare as the proverbial hens' teeth.").

**AFFIRMED.**[1]

**THOMAS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.