**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cary E. Fechter, M.D., Appellant,

v.

Leon Martin Ortner, The Ortner Law Firm, LLC, Gerald Rosenthal, and Rosenthal, Levy, Simon, and Ryles, P.A., Respondents.

Appellate Case No. 2021-000446

———

Appeal From Charleston County
J. Derham Cole, Circuit Court Judge

———

Unpublished Opinion No. 2024-UP-306
Heard September 4, 2024 – Filed September 4, 2024

———

**AFFIRMED**

———

Stephen Peterson Groves, Sr., of Butler Snow, LLP, of Charleston, for Appellant.

M. Dawes Cooke, Jr., and Justin Paul Novak, both of Barnwell Whaley Patterson & Helms, LLC, of Charleston, for Respondents Leon Martin Ortner and The Ortner Law Firm, LLC.

Michael Enrico Kozlarek and John Marshall Mosser, both of King Kozlarek Law, LLC, of Greenville, for

Respondents Gerald Rosenthal and Rosenthal, Levy,
Simon, and Ryles, P.A.

_____

**PER CURIAM:** Dr. Cary E. Fechter appeals the circuit court's orders dismissing his claims against Leon Martin Ortner and The Ortner Law Firm, LLC (collectively, the Ortner Respondents) as well as Gerald Rosenthal and Rosenthal, Levy, Simon and Ryles, PA (RLSR) (collectively, the Rosenthal Respondents). Dr. Fechter argues the circuit court erred in finding it lacked personal and subject matter jurisdiction to adjudicate his claims, in granting Respondents' motions to dismiss, and in denying his motions for reconsideration. We affirm pursuant to Rule 220(b), SCACR.

1. Before considering Dr. Fechter's arguments, we must address Respondents' argument that this court lacks appellate jurisdiction. First, we hold Dr. Fechter's serving and filing of a notice of appeal of the order denying his motions for reconsideration, attaching only this order to his notice of appeal, and failing to reference and attach the Form 4 order of dismissal or substantive order granting the Ortner Respondents' motion to dismiss does not deprive this court of appellate jurisdiction.[1] *See Weatherford v. Price*, 340 S.C. 572, 577-78, 532 S.E.2d 310, 313 (Ct. App. 2000) (rejecting respondent's argument that appellant failed to appeal the final order by referring only to the order denying a motion for reconsideration in the notice of appeal). Second, we acknowledge Dr. Fechter did not serve his notice of appeal within thirty days of an August 4, 2020 order; however, this does not deprive the court of appellate jurisdiction. Although Dr. Fechter filed a second motion for reconsideration on August 13, 2020, Dr. Fechter's first motion for reconsideration dated June 17, 2020, was still pending until the circuit court denied it on March 30, 2021; thus, Dr. Fechter timely served his notice of appeal on April 21, 2021. *See* Rule 203(b)(1), SCACR (stating that for an appeal from the court of common pleas, an appellant shall serve a notice of appeal "on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment"); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 15, 602

_____

[1] Our supreme court has previously reversed such a dismissal. *See In re Estate of Hinson*, 2011-MO-039 (S.C. Sup. Ct. filed Dec. 19, 2011) (reversing dismissal of appeal where dismissal was based on petitioner's failure "to serve and file a notice of appeal from the final order granting respondent's motion for summary judgment" and petitioner had "served and filed a notice of appeal from a subsequent order denying his Rule 59(e), SCRCP, motion, without any mention of the earlier order").

S.E.2d 772, 775 (2004) (providing a timely post-trial motion "stays the time for an appeal for all parties until receipt of written notice of entry of the order granting or denying such motion").

2. We find the circuit court properly dismissed Dr. Fechter's case against the Ortner Respondents because he failed to effect service of process on them. *See Christian v. Healy*, 435 S.C. 507, 510, 868 S.E.2d 403, 405 (Ct. App. 2021) ("The trial court's findings of fact regarding validity of service of process are reviewed under an abuse of discretion standard." (quoting *Graham Law Firm, P.A., v. Makawi*, 396 S.C. 290, 294-95, 721 S.E.2d 430, 432 (2012))); *Roche v. Young Bros., Inc. of Florence*, 318 S.C. 207, 209-10, 456 S.E.2d 897, 899 (1995) ("Rule 4, SCRCP, serves at least two purposes. It confers personal jurisdiction on the court and assures the defendant of reasonable notice of the action. We have never required exacting compliance with the rules to effect service of process. Rather, we inquire whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings." (internal citations omitted)). To effect service of process on the Ortner Respondents, Dr. Fechter sent an envelope purportedly containing the summons and complaint addressed to Ortner by certified mail, signature confirmation restricted delivery, to The Ortner Law Firm's address.

This mailing did not effect service of process on Ortner, individually. *See* Rule 4(d)(1), SCRCP (stating service upon an individual shall be made "by delivering a copy of the summons and complaint to him personally . . . or by delivering a copy to an agent authorized by appointment or by law to receive service of process"); Rule 4(d)(8), SCRCP ("Service of a summons and complaint upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule may be made by the plaintiff or by any person authorized to serve process pursuant to Rule 4(c), including a sheriff or his deputy, by registered or certified mail, return receipt requested and delivery restricted to the addressee. Service is effective upon the date of delivery as shown on the return receipt."). Ortner attested (1) the summons and complaint had "not been delivered to [him] personally," and (2) he never accepted or acknowledged receipt of service of process in this case, signed a return receipt for the envelope, or "designated, appointed, or otherwise authorized any person to receive service of process on [his] behalf." The return receipt and envelope were addressed to Ortner at The Ortner Law Firm's address; however, the return receipt was not signed, and although the envelope listed Dr. Fechter's attorney's name and the title "Trial Lawyer," it did not contain any markings, except for "Closed 12/6." An employee who primarily performed bookkeeping services attested that on December 7, 2017, she "happened to pick up mail"

delivered to The Ortner Law Firm's address, including the envelope at issue; however, she further attested she was not a "member, officer, or managing or general agent, of" The Ortner Law Firm; thus, she was unauthorized to accept service on Ortner's behalf. *See Moore v. Simpson*, 322 S.C. 518, 524, 473 S.E.2d 64, 67 (Ct. App. 1996) (finding "appellants failed to produce any evidence that the receptionist had express authority to accept service of process"; evidence supported the trial court's apparent finding resolving the factual issue of "whether the receptionist indicated she was authorized to accept service"; and there "simply [was] no evidence Simpson or the firm intended to confer authority, either express or implied, upon the receptionist to accept service of process"). Accordingly, we hold Dr. Fechter failed to effect service of process on Ortner, resulting in the failure to commence an action against him. *See* Rule 3(a), SCRCP ("A civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than [120] days after filing.").

We further find Dr. Fechter failed to effect service of process on The Ortner Law Firm. *See* Rule 4(d)(3), SCRCP (stating service upon a corporation, partnership, or unincorporated association shall be made "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant"); Rule 4(d)(8), SCRCP (providing how to serve by certified mail). Affidavits submitted by the Ortner Respondents show the employee who retrieved the envelope was not authorized to accept service of process on The Ortner Law Firm's behalf. *See Graham Law Firm, P.A.*, 396 S.C. at 297, 721 S.E.2d at 434 ("A rule permitting certain persons to receive service of process on behalf of others does not imply that 'anyone who happens to pick up the mail' can stand in for the defendant."); *id.* at 298, 721 S.E.2d at 434 (finding evidence, or the lack of evidence to rebut an affidavit, supported the trial court's ruling that unauthorized persons accepted service of process on behalf of the defendants). The Ortner Law Firm's affidavit stated Ortner was its "registered agent for service of process" and had been registered as the sole agent for service of process since 1996; it did "not have any other members, officers, or managing or general agents other than" Ortner; and it had "not designated, appointed, or otherwise authorized any person other than" "Ortner to receive service of process on its behalf." This affidavit also stated the law firm had not accepted "or acknowledged receipt of service of process of the summons and complaint" in this case, and the employee who picked up the envelope was "not a member, officer, or

managing or general agent of [The] Ortner Law Firm" or "authorized by appointment to receive service of process" on its behalf. The employee attested she never held herself out as authorized to accept service of process on The Ortner Law Firm's behalf. Accordingly, we affirm the circuit court's finding that Dr. Fechter failed to effect service of process on The Ortner Law Firm and thus failed to properly commence an action against it. *See* Rule 3(a), SCRCP.

3. We find the circuit court properly dismissed Dr. Fechter's case against the Rosenthal Respondents because he failed to effect service of process on them. To serve the Rosenthal Respondents, Dr. Fechter sent an envelope purportedly containing the summons and complaint addressed to Rosenthal, a Florida resident, by certified mail, restricted delivery, to RLSR's principal office in Florida.

Such did not constitute proper service on Rosenthal, individually. *See* Rule 4(d)(1), SCRCP (providing how to serve an individual); Rule 4(d)(8), SCRCP (providing how to serve by certified mail). According to Rosenthal's affidavit, he retired from RLSR in December 2015—over one year prior to the certified mailing—and did not receive mail or maintain an office at RLSR after his retirement. Although the certified mailing was addressed to Rosenthal, he attested he did not accept "or acknowledge receipt of service of process," and the return receipt did not contain Rosenthal's signature; rather, the return receipt was signed by an employee of RLSR—a rotating receptionist and file clerk present at the reception desk on or about October 12, 2017, when the mail was delivered. Rosenthal attested he had not appointed nor designated anyone to act as an agent or accept service of process on his behalf, and RLSR's registered agent attested neither he nor any other RLSR employee had "been designated or otherwise authorized to accept service on" Rosenthal's behalf. Likewise, the employee who was at the reception desk when the mail was delivered attested he had never been, nor held himself "out to be a general agent or an agent authorized by appointment or by law to serve as a statutory agent for service of process for Rosenthal," and although he "signed the return receipt 'green cards' for several pieces of certified mail," on or about October 12, 2017, none of the mailings "contained any notations or markings on the exterior of the envelopes to indicate that they contained anything other than certified letters." The employee averred he did not accept "or acknowledge receipt of service of process" on Rosenthal's behalf. Accordingly, the circuit court properly found Dr. Fechter failed to effect service of process on Rosenthal and thus failed to commence an action against him.

We further find Dr. Fechter did not achieve proper service on RLSR. *See* Rule 4(d)(3), SCRCP (providing how to serve corporations, partnerships, or other

unincorporated associations); Rule 4(d)(8) (providing how to serve by certified mail). RLSR's registered agent attested he was RLSR's registered agent for service of process in Florida, his address had been "registered with, and published by, the Florida Secretary of State since January 4, 2016," and was a different address than that of RLSR, and he never accepted or acknowledged receipt of service of process on RLSR's behalf in this case. Rosenthal and RLSR's registered agent both attested that since Rosenthal's retirement, he had not served as a "registered agent for RLSR and was not otherwise an officer, a managing or general agent, or otherwise an agent authorized by appointment or by law to receive service of process for RLSR." Thus, Dr. Fechter incorrectly restricted delivery to Rosenthal, who no longer worked at RLSR and was not authorized to accept service of process on RLSR's behalf. Moreover, an unauthorized person—RLSR's rotating receptionist and file clerk—signed the return receipt. Both the employee and the registered agent attested that the employee had never been "an officer, general agent, or an agent authorized by appointment or by law to serve as a statutory agent or registered agent for service of process for RLSR," and the employee attested he had never held himself out to be authorized to accept service of process for RLSR. The employee further averred he did not accept "or acknowledge receipt of service of process" on RLSR's behalf. Accordingly, Dr. Fechter failed to effect service of process on RLSR and thus failed to commence an action against it. *See Richardson v. P.V., Inc.*, 383 S.C. 610, 615, 682 S.E.2d 263, 265 (2009) ("Not every employee of a corporation is an agent of the corporation for the purposes of service of process."); *id.* ("Whether an employee may accept service on behalf of a corporation depends on the authority the corporation conferred upon the employee."); *Roberson v. S. Fin. of S.C., Inc.*, 365 S.C. 6, 8, 11-12, 615 S.E.2d 112, 114-15 (2005) (finding clerical employee who signed return receipt did not have authority to accept service of process on behalf of defendant; thus, service of process was not effectuated, resulting in a void default judgment).[2]

**AFFIRMED.**

**THOMAS and MCDONALD, JJ., and VERDIN, A.J., concur.**

---

[2] Because our findings as to service and the circuit court's lack of personal jurisdiction are dispositive, we need not address Dr. Fechter's remaining assignments of error. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding appellate court need not address remaining appellate issues when resolution of a prior issue is dispositive).