**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Ronald Carl Cox, III, Appellant,

v.

Michael John Dimaggio, Respondent.

Appellate Case No. 2023-001497

Appeal From Greenville County
G. D. Morgan, Jr., Circuit Court Judge

Unpublished Opinion No. 2026-UP-284
Submitted May 1, 2026 – Filed June 10, 2026

**AFFIRMED**

Olivia Gay Carruthers and Daniel Joseph Farnsworth, Jr., of Pettus / Farnsworth, LLC, of Greenville, for Appellant.

John Kirkman Moorhead, of Moorhead LeFevre, PA, of Anderson, for Respondent.

**PER CURIAM:** Ronald Carl Cox, III, appeals the circuit court's dismissal of his action for assault and battery, negligence, and gross negligence resulting from his failure to properly serve Michael John Dimaggio. On appeal, Cox argues the circuit court erred because (1) Cox served Dimaggio's counsel at Dimaggio's

direction, (2) Cox filed a motion for service by publication within 120 days from the time he filed his summons and complaint, and (3) Cox was entitled to relief under Rule 60(b)(1) of the South Carolina Rules of Civil Procedure or the doctrine of equitable tolling. We affirm pursuant to Rule 220(b), SCACR.

1. We hold that the circuit court did not abuse its discretion in finding Cox did not effect service upon Dimaggio through attempted service on Dimaggio's criminal attorney because evidence supports that Dimaggio did not know Cox was attempting service; thus, Dimaggio could not hold the criminal attorney out as possessing apparent authority to accept service on his behalf in this civil action. *See Graham L. Firm, P.A. v. Makawi*, 396 S.C. 290, 294-95, 721 S.E.2d 430, 432 (2012) ("The [circuit] court's findings of fact regarding validity of service of process are reviewed under an abuse of discretion standard."); *Miller v. Miller*, 375 S.C. 443, 452, 652 S.E.2d 754, 759 (Ct. App. 2007) ("An abuse of discretion occurs either when the court is controlled by some error of law or where the order, based upon findings of fact, lacks evidentiary support." (quoting *Townsend v. Townsend*, 356 S.C. 70, 73, 587 S.E.2d 118, 119 (Ct. App. 2003))); *Moore v. Simpson*, 322 S.C. 518, 524, 473 S.E.2d 64, 67 (Ct. App. 1996) ("Because such a finding is supported by the evidence, it is binding on this court."); Rule 4(d)(1), SCRCP ("Service shall be made . . . [u]pon an individual . . . by delivering a copy of the summons and complaint to him personally . . . or by delivering a copy to an agent authorized by appointment or by law to receive service of process."); *Roberson v. S. Fin. of S.C., Inc.*, 365 S.C. 6, 11, 615 S.E.2d 112, 115 (2005) ("[A]pparent authority is when the principal knowingly permits the agent to exercise authority, or the principal holds the agent out as possessing such authority.").

2. We hold the circuit court did not abuse its discretion in finding Cox did not effect service by publication because the summons was not published within 120 days of Cox filing the summons and complaint. *See Makawi*, 396 S.C. at 294-95, 721 S.E.2d at 432 ("The [circuit] court's findings of fact regarding validity of service of process are reviewed under an abuse of discretion standard."); *Miller*, 375 S.C. at 452, 652 S.E.2d at 759 ("An abuse of discretion occurs either when the court is controlled by some error of law or where the order, based upon findings of fact, lacks evidentiary support." (quoting *Townsend*, 356 S.C. at 73, 587 S.E.2d at 119)); S.C. Code Ann. § 15-3-530(5) (2005) (providing an action for "assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law" must be commenced within three years); Rule 3(a), SCRCP ("A civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the

statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing."); S.C. Code Ann. § 15-3-20(B) (2005) ("A civil action is commenced when the summons and complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing."); *Mims ex rel. Mims v. Babcock Ctr., Inc.*, 399 S.C. 341, 346, 732 S.E.2d 395, 397-98 (2012) ("[Section 15-3-20(B)] and [Rule 3(a), SCRCP], read together, provide that (1) an action is commenced upon filing the summons and complaint, if service is made within the statute of limitations, and (2) if filing but not service is accomplished within the statute of limitations, then service must be made within 120 days of *filing*.").

Cox filed his first motion for service by publication on September 9, 2022, which was after the statute of limitations ran, but within 120 days of filing the summons and complaint; however, the motion was deficient as it was not accompanied by an affidavit as required by section 15-9-710 of the South Carolina Code (2005). *See* § 15-9-710 (requiring a moving party file an affidavit with its motion for service by publication). Although his subsequent motion for service by publication included an affidavit, it was filed September 30, 2022—more than 120 days after he filed his summons and complaint. Therefore, Cox did not properly effect service within the statute of limitations or within 120 days of filing. Moreover, Cox improperly published the order granting service by publication instead of publishing the summons. *See* S.C. Code Ann. § 15-9-740 (2005) ("In all cases in which publication is made the complaint must first be filed and the *summons*, as published, must state the time and place of such filing." (emphasis added)); § 15-9-710 ("When [a defendant] . . . cannot, after due diligence, be found . . . [and] that fact appears by affidavit to the satisfaction of the court . . . [the court] . . . may grant an order that the service be made by the *publication of the summons* . . . ." (emphasis added)). Although the summons was eventually published for the requisite three weeks, it was published at the end of December 2022 into the beginning of January 2023, which was significantly past the 120 days. Accordingly, we hold the circuit court did not abuse its discretion in finding Cox did not properly serve Dimaggio by publication.

3. As to Cox's argument that he was entitled to relief under Rule 60(b)(1), SCRCP, we hold Cox did not preserve this argument because he raised it before the circuit court issued its final order and the circuit court never ruled on the argument. *See* Rule 60(b)(1), SCRCP ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a *final* judgment, *order*, or proceeding for . . . mistake . . . or excusable neglect." (emphasis added)); Rule

60(b), SCRCP ("The motion shall be made within a reasonable time, and for [mistake or excusable neglect] not more than one year after the judgment, order or proceeding was entered or taken."); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) ("There are four basic requirements to preserving issues . . . for appellate review.  The issue must have been (1) raised to and ruled upon by the [circuit] court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the [circuit] court with sufficient specificity." (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))).

As to Cox's argument that he was entitled to relief under the doctrine of equitable tolling, we hold Cox did not establish sufficient extraordinary facts to justify the use of equitable tolling.  *See Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.*, 386 S.C. 108, 115, 687 S.E.2d 29, 32 (2009) ("The party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use.").  Cox asserts that his attorney was under a circuit court order of protection for health issues beginning in September 2023; however, this does not demonstrate why circumstances prevented Cox from diligently attempting service from May 31, 2022—upon filing the summons and complaint—through June and July prior to the protective order.  *See Hughes ex rel. Est. of Hughes v. Bank of Am. Nat'l Ass'n*, 442 S.C. 113, 136, 898 S.E.2d 102, 114 (2024) ("Equitable tolling typically applies when a litigant was prevented from timely commencing an action because of an extraordinary event beyond his control."); *Hooper, 386 S.C.* at 119, 687 S.E.2d at 34 (reversing when "[the plaintiff] finally was able to effect service after the statute of limitations had run, only after she exercised reasonable and due diligence to serve [the defendant's] agent"); *id.* at 116-17, 687 S.E.2d at 33 ("The equitable power of a court is not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other." (quoting *Hausman v. Hausman*, 199 S.W.3d 38, 42 (Tex. App. 2006))); *id.* at 117, 687 S.E.2d at 33 ("[E]quitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.